SAMUEL G. SLOAN *vs.* GEORGE L. BECKER and Wife.

*January 19, 1884.*

**Action Triable by Court—Specific Questions submitted to Jury—Dismissal.**—This was an action triable by the court, some of the issues of which were submitted to a jury in the form of specific questions. An affirmative answer to the first of these questions was essential to the plaintiff's right of recovery. The parties went to trial before the jury upon the questions submitted. *Held,* that if at the close of plaintiff's case there was no evidence in the case sufficient to warrant the jury in finding an affirmative answer to the first question submitted, the court might then have properly dismissed the action under Gen. St. 1878, c. 66, § 262. *Held, also,* that in this instance the action was improperly dismissed at the close of the plaintiff's case, because a certain deed, which the trial court deemed conclusive against an affirmative answer to such question, was not conclusive; but, notwithstanding such deed, the question remained fairly open for the jury upon all the evidence in the case.

Appeal by plaintiff from an order of the district court for Ramsey county, *Brill,* J., presiding, denying his motion to vacate an order of dismissal, made at the trial, and for a new trial.

*H. J. Horn* and *I. V. D. Heard,* for appellant.

*Bigelow, Flandrau & Squires,* for respondents.

BERRY, J. The complaint alleges that on July 29, 1861, plaintiff, (being owner of 400 acres of land,) by agreement with George L. Becker, executed to his wife, Susannah I. Becker, a deed of the same, in form absolute, but in fact a mortgage, to secure said George for paying off an incumbrance upon the land; and that, after they had satisfied the incumbrance by the appropriation of 160 acres of the land, said George and wife sold and conveyed the remaining 240 acres to one Colby. Of this sale and conveyance this action seeks an accounting. The allegations of the complaint as to plaintiff's ownership of the 400 acres on July 29, 1861, and as to the mortgage character and purpose of the conveyance of that date, are denied by the answer. Four specific questions of fact were submitted to a jury, and, upon the order of submission, the parties went to trial. So far as here important, these questions were: (1) Was the conveyance of July 29th "intended and understood by and between" plaintiff and the Beckers "to be security merely, and by way of mortgage?" (2) What was the value of the property described in the conveyance, on July 29th? (3) What was its value at the time of the sale to Colby? (4) When did plaintiff first have notice or knowledge of the sale to Colby?

The plaintiff, having himself given testimony, tending, among other things, to support the affirmative of the first question submitted, the defendants, after he had testified upon cross-examination that he had executed no previous deed of the 240 acres, either to Becker or his wife, presented a quitclaim deed, which he testified to have been filled up, signed, and indorsed by himself, and which purported to have been duly executed and acknowledged by him on February 21, 1861, and to convey to Mrs. Becker all his (plaintiff's) right, title, and interest in and to the 240 acres of land. The deed was received in evidence as part of the cross-examination. Plaintiff having testified that it was signed by him, we think it was properly received as tending to show the unreliability of his memory with reference to the subject of investigation, and to convict him of mistake in material statements in his testimony in chief. It was not only admissible on cross-examination, but it was material and relevant. It bore directly upon the question whether the deed of July 29, 1861, could have been

"intended and understood" as a mortgage of the 240 acres, when the deed of February preceding had apparently conveyed the same to the alleged mortgagee absolutely, for it tended to render any such intention or understanding improbable.    Stephen on Ev. art. 1. Having been properly received in evidence, we see no reason why it was not properly in the case for any purpose for which it was relevant to the issues on trial before the jury.    It was not necessary to plead it specially, for it tended to support defendant's general denial that the deed of July 29th was executed as a mortgage merely. Whether it was inconsistent with the defence set up in the answer, and if so, what would be the effect of an objection to it on that ground, are questions which are not before us at this time.    But, although the deed of February 2d was properly received in evidence, and was relevant upon the question whether the deed of July 29, 1861, "was intended and understood to be security merely, and as a mortgage," it was not conclusive, even though unexplained.    Upon the testimony in the case, and the allegations of the answer as to the facts and circumstances attending the execution of the deed of July 29th, the question was still fairly one for the jury.

Upon the close of the testimony on behalf of plaintiff, defendants moved that the action be dismissed, on account of plaintiff's failure to establish his cause of action or right to recover.    The dismissal was objected to, upon the ground that "the whole case was not on trial nor before the court, but only the special issues framed for the jury, and that plaintiff might want to introduce further evidence."    The court thereupon stated that if plaintiff had any further evidence relating to the deed of February 2d, or the effect of it upon his right to recover, he might then introduce it, and it would be received before the decision of the motion or any further proceedings in the case; but upon plaintiff's answering that he had no further evidence to offer, the motion to dismiss was granted.    In the memorandum filed by the learned trial judge, it appears that the motion was granted upon the ground that "the affirmative of the first question" submitted to the jury—"the vital question in the case—was not established, and hence that plaintiff could in no event recover."    We suppose the phrase "not established" to have been used as meaning that there

was no evidence upon which the jury could properly find an affirmative answer to the first question submitted. If the trial judge had been right in this position, then we see no reason why he might not have properly dismissed the action under Gen. St. 1878, c. 66, § 262. But the question submitted to the jury was whether the deed of July 29th was, *as a matter of fact,* intended and understood as a mortgage, and upon this, as we have before said, the deed of February 2d was not *conclusive;* but notwithstanding its effect as evidence against plaintiff, yet, upon all the testimony in the case, the question remained fairly open for the jury. Hence, in our opinion, the dismissal was erroneous.

It is important to bear in mind that the pending trial, in which the dismissal was made, was, as the record shows, and as appears from the memorandum of the trial court, a trial, not of all the issues in the case, but only of those specially submitted to the jury. Hence, that which passed between the court and plaintiff's counsel upon the motion to dismiss, must be understood to refer to the latter issues only. There might be other issues (as we understand there were in this instance) which were not submitted to the jury, but reserved for the court. And while it might not be necessary upon the trial of the reserved issues to repeat the testimony received upon the jury trial, so far as it was relevant to the reserved issues, still a party is not bound, upon the jury trial alone, to introduce all the evidence which he may have, either in chief or by way of rebuttal, relevant to the reserved issues. Unless it is understood that the whole case is on trial at one and the same time, partly before the court and partly before the jury, a party may confine himself to the issues which are on trial, leaving any reserved issues to wait until they come on in their turn. *Schmitt* v. *Schmitt, ante,* p. 106.

Order reversed.