## SAMUEL G. SLOAN *vs.* GEORGE L. BECKER and Wife.

### February 17, 1886.

**Mortgage—Evidence Requisite to Convert Absolute Deed into Mortgage.**—In an action to have an absolute deed of real estate adjudged a mortgage only, the issue that it was so intended being tried by a jury, an instruction that the fact must be made out "by clear and strong evidence, such as satisfies the mind of the jury that the fact was as it is claimed to be; a mere simple preponderance of proof is not sufficient; the evidence must be clear and strong,"—is correct.

Appeal by plaintiff from an order of the district court for Ramsey county, *Wilkin,* J., presiding, refusing a new trial of specific issues submitted to a jury. The opinion on a former appeal is reported in 31 Minn. 414.

*H. J. Horn* and *I. V. D. Heard,* for appellant, that a preponderance of evidence was sufficient for the establishment of plaintiff's equity, cited *Burr* v. *Willson,* 22 Minn. 206, and *Thoreson* y. *Northwestern Nat. Ins. Co.,* 29 Minn. 106.

*Bigelow, Flandrau & Squires,* for respondents.

GILFILLAN, C. J. The action was brought to have a conveyance of real estate, absolute in its terms, adjudged to have been intended only as a mortgage. No fraud or mistake connected with the execution of the deed is alleged. It is admitted to have been precisely in the form agreed upon by the parties, but it is alleged that it was agreed that it should be executed in that form to secure the defendant George L. for certain advances to be made by him in behalf of plaintiff. Issues were framed for a trial by jury,—among them one as to the intention and understanding with which the deed was executed. The evidence relied on to show that the deed was given as a mortgage was

oral. In its charge to the jury the court below instructed: "The instrument upon its face is an absolute deed. He [plaintiff] asks you to find that there was an agreement in reference to that which converted it into security for money, or a mortgage, and it is incumbent on him to make out that fact by clear and strong evidence, such as satisfies the mind of the jury that the fact was as he claims it to be. A mere simple preponderance of proof is not sufficient. The evidence must be clear and strong."

This instruction was correct. The appellant contends, in effect, that in all cases where an issue of fact is tried by a jury, it is their exclusive province to weigh the evidence, and the rule, generally applicable in civil actions, that they may find the issue according to the preponderance or balance of the evidence, prevails. The fallacy of the argument consists in its assuming that the character of the tribunal which tries the fact determines what amount or degree of proof shall be required; for the amount of proof required depends on the character of the issue to be tried, and not on the tribunal trying it. Thus, in all criminal trials, whether tried before a jury or a magistrate, (in cases triable by a magistrate,) sufficient evidence to remove all reasonable doubts of guilt is required. This is because of the strong presumption in favor of innocence, and of the serious consequences to the defendant of an erroneous conviction. In civil actions generally a preponderance is enough, whether a trial is by a jury, or by the court without a jury. In suits for the reformation of written instruments on the ground of mistake, the rule is well settled that a mere preponderance of evidence will not suffice, but that the mistake must be shown by clear and satisfactory proofs. Story, Eq. Jur. § 157; *Woollam* v. *Hearn*, 2 Lead. Cas. Eq. (4th Ed.) 920, 980; *Gillespie* v. *Moon*, 2 John. Ch. 585; *Lyman* v. *United Ins. Co.*, Id. 630; *Nevius* v. *Dunlap*, 33 N. Y. 676; *Henkle* v. *Royal Assurance Co.*, 1 Ves. Sr. 317; *Marquis of Townshend* v. *Stangroom*, 6 Ves. Jr. 328; *Stockbridge Iron Co.* v. *Hudson Iron Co.*, 107 Mass. 290; *Miner* v. *Hess*, 47 Ill. 170; *Shattuck* v. *Gay*, 45 Vt. 87; *Newton* v. *Holley*, 6 Wis. 592; *Lake* v. *Meacham*, 13 Wis. 355; *Fowler* v. *Adams*, Id. 458; *Wells* v. *Ogden*, 30 Wis. 637; *Guernsey* v. *American Ins. Co.*, 17 Minn. 83, (104.) In the last case this court said: "The mistake must be

made out by satisfactory proof,—by evidence clear of all reasonable doubt." This is undoubtedly because of the strong presumption that the written instrument which the parties have deliberately executed expresses their intentions, and also of the danger in admitting the contrary to be shown by parol. The issue in such cases is one which the court may try, or may send to a jury for trial. But the reasons for requiring clear and satisfactory proofs are the same, whether the issue be tried by the judge or by a jury, and the rule undoubtedly applies to either mode of trial. There is a strong analogy between that class of cases and this. If there be any difference it is in this: that where it is admitted that there was no mistake or fraud, and that the deed is precisely what the parties agreed that it should be, the presumption that it expresses all they intended in respect to the subject-matter must be still stronger. And wherever the degree of proof required in cases like this is mentioned, the rule is stated the same as in suits to reform instruments. *Kent* v. *Lasley,* 24 Wis. 654; *McClellan* v. *Sanford,* 26 Wis. 595. See, also, Jones on Mortgages, c. 8.

Order affirmed.