KEE WAKEFIELD *vs.* MARY A. E. DAY.

July 25, 1889.

**Adverse Claims—Vacant Land—Proof of Plaintiff's Title.**—In an action to quiet the title to vacant and unoccupied land, the plaintiff must allege and prove his title in order to maintain his action.

**Same—Pleading and Evidence—Deed shown to be Mortgage.**—His general allegations of title may be met by a general denial in the answer, under which the defendant may controvert and overthrow the case made by the plaintiff. And under such denial a deed absolute in form, under which plaintiff claims title, may be shown to have been in fact a mortgage made as security for a debt, and that as such it had been fully paid.

**Requisites of Proof of Lost Deed.**—The proof of a lost deed should show that it was properly executed, and the evidence of its contents should be clear and certain.

**Taxes—Notice of Expiration of Redemption—Issue and Service.**— The statute which requires notice of the expiration of the time of redemption of land sold for taxes to be served upon the person in whose name the land is assessed, also requires that in certain cases it shall be served upon the person in actual occupation of the premises, and in others it shall be published. It was the purpose of the statute to adopt a mode of service calculated to reach those interested in effecting a redemption, and that the notice should issue in all cases, as well where the tax certificate is held by the person in whose name the land is assessed as in other cases.

Action under Gen. St. 1878, c. 75, § 2, to determine adverse claims, brought in the district court for Hennepin county. The complaint

alleges that plaintiff "is owner in fee-simple of the following-described lands," (describing them;) "that said lands are vacant and unoccupied; that the defendant claims an estate and interest in said lands adverse to the plaintiff; that the defendant claims a lien upon said lands adverse to this plaintiff." The answer denies each allegation of the complaint, except as admitted or qualified; admits and avers that defendant is owner of the lands in fee-simple, free, clear, and discharged of all and every claim, right, title, interest, or estate of the plaintiff; and alleges "that for more than 20 years last past and next preceding the commencement of the action the defendant has been the owner and in the actual and peaceable possession and occupancy of ·the lands and of the whole thereof as owner thereof and under color of title thereto in fee-simple; and has during all said time so held, possessed, and occupied the same adversely to plaintiff and all other persons; and has during all said time paid all the taxes and assessments thereon; and that plaintiff has not, nor have his ancestors, predecessors, or grantors, during any portion of said time, been seized or possessed of the said lands or any part thereof." The reply puts in issue the defendant's title, possession, and payment of taxes and assessments. The action was tried by *Baxter*, J., (acting for a judge of the fourth district,) who ordered judgment for plaintiff. The defendant appeals from an order refusing a new trial.

*Shaw & Cray*, for appellant.

*B. S. Lewis*, for respondent.

VANDERBURGH, J. This action is brought under the statute to quiet title to land; and the plaintiff alleges that the land in question is vacant and unoccupied, that he is the owner in fee thereof, and asks to have defendant's adverse claim barred by the judgment of the court. Neither party sets up the particular elements of his title or the grounds of his claim. Upon the trial it appeared that Westel W. Day was the patentee of the United States, and the plaintiff, to establish his title, introduced in evidence a warranty deed from Westel W. Day to Enos Day, dated February 22, 1861, embracing the lands in the patent and in question here, and also other evidence showing that he has acquired the title of the heirs of Enos Day, under whom he claims; but he admits that he is not entitled to be considered a *bona fide* pur-

chaser for value, and claims no other or better title than Enos Day had at his decease. When he rested, plaintiff had established a prima facie case, and appeared by the evidence to be the owner of the land. It was necessary for him to prove the title or interest claimed by him in order to maintain his action. *Herrick* v. *Churchill*, 35 Minn. 318, (29 N. W. Rep. 129.) And under the denial of plaintiff's allegations of title by the defendant in her answer, she was entitled to controvert and overthrow the plaintiff's case, and thus defeat his action, whether she was able to establish affirmatively her own claim to the land or not. If the plaintiff had alleged specifically that he claimed title under the deed of Westel to Enos Day, the defendant might have denied its execution, or alleged its invalidity for any cause, and, though absolute in form, that it was in fact a mortgage, made as security for a debt, and that as such it had been fully paid and satisfied, and that the land did not therefore descend to his heirs. Since the plaintiff admits that he does not occupy the position of a bona fide purchaser under Enos Day, such a defence, if sustained, would have been sufficient to defeat his action. And so, under his present complaint, upon proof of title by him through such deed under his general allegation of ownership, the defendant was entitled, under her denial of such allegation, to show that he in fact acquired no title or conveyable interest in the land, but that the deed to Enos Day was given as security only. She was not obliged to anticipate the nature of his evidence, and set up specifically in her pleading defences to a deed which he might introduce under his general allegation of title. Her answer was as good as his complaint, and it was no valid objection to evidence of this character, offered by her, that she had not specially alleged in her answer that the deed was a mortgage.

The claim or defence that a deed absolute in form was intended as mortgage security only, was originally and solely of equitable cognizance; but in those courts which exercise both law and equity jurisdiction, and in which legal and equitable defences may be interposed in the same action, this distinction is not observed. *Despard* v. *Walbridge*, 15 N. Y. 374. And in practice such an instrument may be shown to be a mortgage, and will be treated as such, with all its in-

cidents, as well at law as in equity; and the rights of the parties are to be treated precisely as if the defeasance, instead of resting in parol, had been written in the deed. In such case, as between the parties, one who receives a deed absolute in form, and apparently having the legal title, is, when the facts showing the real character of the transaction appear, to be treated as having only a lien on the land; and upon the payment of the debt his interest in the land and his lien thereon ceases. A reconveyance is not in such cases necessary to reinvest the grantor or his heirs with the title, but only to clear up the record title, as in the nature of a satisfaction-piece. *Kent* v. *Agard,* 24 Wis. 378; *Shattuck* v. *Bascom,* 105 N. Y. 39, (12 N. E. Rep. 283.) And if the debt is actually paid, such grantee has no interest upon which to base an action of this kind any more than an action of ejectment.

The evidence offered by the defendant to show that the deed of Westel W. Day to Enos was given as security for a debt, and that such debt was actually paid, was competent, and the court erred in rejecting it, and for such error there must be a new trial. It was, of course, not material that George E. H. Day originally furnished the money to enter the land, or subsequently paid the debt to Enos. No trust could, under our statute, result in his favor, but in either case the legal title would vest and remain in Westel W. Day. To establish that an absolute deed is a mortgage a high degree of proof is requisite. It must be clear and strong, and beyond reasonable doubt. *Sloan* v. *Becker,* 31 Minn. 414, (18 N. W. Rep. 143,) and 34 Minn. 491, (26 N. W. Rep. 730.) But this does not affect the question of the competency of the evidence offered.

2. The defendant also sought to prove that the title to this land had passed from Enos Day to one Fletcher H. Day by a conveyance made by him to the latter in 1866. No such deed was produced upon the trial, and the evidence relied upon to prove the execution and existence of such deed and its loss was very properly held by the trial court to be entirely insufficient to establish such conveyance. The evidence in such cases must be clear and certain, and, besides proper proof of loss, the deed must be shown to have been duly executed, and its contents clearly established. *Edwards* v. *Noyes,* 65 N. Y. 125.

3. The only other question which we need to examine is whether defendant has acquired a valid tax-title to the land in controversy under tax-judgment sales made in the years 1880 and 1882. The tax judgments and sales appear to be lawful and regular, and the tax certificates are held by the defendant. No notice of the expiration of the time for redemption, however, has been served at any time, and the plaintiff, on the 24th day of June, 1887, made payment to the treasurer of Hennepin county of the full amount due for the redemption of the property, with all subsequent delinquent taxes, and received a certificate of redemption therefor. The lands have been continuously since 1879 assessed in the name of the defendant, and for this reason, as she claims, the service would have to be made upon herself, and that would be a useless ceremony, which could not have been contemplated by the legislature in enacting the statute, and might therefore be dispensed with. The determination of this question will require a careful consideration of the provisions of the statute bearing on the subject. Gen. St. 1878, c. 11, § 121. It will be observed that the notice in the required form is prepared by the auditor, and served by the sheriff upon the person in whose name the land is assessed. If the person named "cannot be found in the county, and there be any person in the actual possession of the land in such notice described, the same shall in like manner be served upon him. If the person named in such notice cannot be found in the county, and there be no person in the actual possession of said land, of both which facts the return of the sheriff shall be *prima facie* evidence, the auditor shall cause such notice to be published," etc. It was held in *Nelson* v. *Central Land Co.*, 35 Minn. 408, (29 N. W. Rep. 121,) following *Merrill* v. *Dearing*, 32 Minn. 479, (21 N. W. Rep. 721,) that the object of this section was to make the right of redemption depend upon the service of this notice, and to extend the time for the exercise of such right until the service of the notice, and a specified time thereafter. And in *Western Land Ass'n* v. *McComber, supra,* p. 20, it was held, in substance, that the manifest purpose of the legislature in providing that the time of redemption should not expire without special notice, was to adopt a mode of service which in its judgment should be best calculated to reach those interested in effecting

a redemption; and "the legislature, deeming that service upon 'the person in whose name such lands are assessed' was best calculated in general to accomplish the purpose intended, has prescribed that mode of giving notice." It follows that if persons other than the one in whose name the land is assessed are interested in the land, they are interested in having the notice given, for it is the purpose of the statute to give persons so entitled 60 days' time to redeem after the service of the required notice. *Merrill* v. *Dearing,* 32 Minn. 479, (21 N. W. Rep. 721.) The language of the statute is general. "The time for the redemption of such lands shall expire sixty days after the service of such notice." That is to say, any person who is interested as owner or lienholder is entitled to the benefit of such extension whether the lands are assessed in his name or not. The auditor cannot be presumed to know whether the person in whose name the land is assessed is alone interested in the redemption or not. He cannot know officially whether such person is or is not a resident of the county, or whether the land is not occupied, and it may be by the real owner. The sheriff's return is made the evidence upon which he is entitled to act. So that it may be in any particular case that the notice issued as directed by the statute may be served upon an occupant who is the owner, or the published notice may be effectual to reach parties interested in having such notice served in the statutory form. The rule should be uniform, and the only safe guide for the auditor in determining whether to allow a redemption is the proper return of record of the issuance and service of the notice in all cases. We do not think, therefore, that there is any implied exception in the application of the statutory requirements in a case like this.

Order reversed.