MINNEAPOLIS THRESHING MACHINE COMPANY v. COMMODORE P. JONES and Others.[1]

May 1, 1903.

Nos. 13,415—(76).

**Action to Cancel Fraudulent Conveyance.**

> An equitable action brought to set aside a conveyance of real estate, alleged to have been made for the purpose of hindering, delaying, and defrauding the plaintiff, an alleged debtor, cannot be maintained when it affirmatively appears from the complaint that the judgment on which it is predicated has been fully paid by a sale of personal property under a writ of execution, and a proper return of such writ, duly satisfied, has been made.

**Rule of Pleading.**

> Application of the well-settled rule of pleading stated in Duxbury v. Boice, 70 Minn. 113, and other cases.

Appeal by plaintiff from an order of the district court for Clay. county, Baxter, J., sustaining a general demurrer to the complaint. Affirmed.

*C. A. Nye* and *Lewis E. Jones,* for appellant.

*Charles S. Marden* and *Charles C. Houpt,* for respondents.

COLLINS, J.

Appeal from an order sustaining a general demurrer interposed by the defendants Jones Land Association, a corporation, and the Flour City National Bank, another corporation, to the plaintiff's complaint.

---

[1] Reported in 94 N. W. 551.

The complaint is quite long, but the gist of it is that in 1891 the defendant C. P. Jones purchased a threshing outfit from the plaintiff, for which the C. P. Jones Company, which afterwards became the Elmwood Farm Company, a corporation, executed and delivered its promissory note for $1,678.40, payment of which was guarantied by C. P. Jones; that in September, 1896, judgment was duly rendered upon said note in favor of the plaintiff against defendant Jones and the Elmwood Farm Company; that after the maturity of the note, but before judgment was entered, C. P. Jones, the farm company, and the bank entered into a corrupt agreement for the purpose of hindering, delaying, and defrauding the debtor's creditors, and especially the plaintiff, whereby the farm company, which held title to forty-seven hundred acres of land, deeded to the bank said land, and also entered into further and other agreements by means of which the land was to be subsequently conveyed to the defendant Jones Land Association, the object in view in making these last agreements to further hinder, delay, and defraud the plaintiff in the collection of its claim against the maker and the guarantor of the promissory note; that in August, 1901, an execution upon said judgment was duly issued out of the district court and delivered to the sheriff of the proper county, under and by virtue of which the said sheriff levied upon and seized a certain quantity of grain grown upon the land before mentioned, as the property of the judgment debtors, which grain was thereafter sold, and which execution was thereupon returned duly satisfied; that thereafter the bank brought suit in said district court against the sheriff for an alleged conversion of the grain, which suit resulted in an order for judgment against the latter for the value of the property. Then follows the allegation that said sheriff therein obtained a stay of all proceedings in said action and made a motion for a new trial; further,

"That in case said order of said court, directing judgment against said sheriff is not vacated or set aside, that judgment will be entered in said action in favor of said Flour City National Bank and against said sheriff for the value of said grain, and in such case then plaintiff will move said court * * * for an order setting aside the return of said sheriff, satisfying * * * said

judgment, and reinstating the said judgment * * * in favor of plaintiff and against the said Jones and the said Flour City National Bank."

There is a further allegation that the bank and other defendants are endeavoring to dispose of the real property described in the complaint, and, unless restrained by the court from so doing, will transfer and dispose of the same, and, in case they do that, plaintiff will be unable to collect the amount of its judgment from its debtors. The demand for judgment is that all of the defendants be restrained from transferring, selling, and disposing of the property until the further order of the court, and also for an adjudication declaring the deed before mentioned fraudulent, null, and void; that it be set aside; that the judgment before mentioned be reinstated and declared to be a lien upon the land, and for such other and further relief as may seem proper.

The court below did not err in sustaining the demurrer of these respondents. The complaint distinctly alleged that the judgment in question was fully satisfied at the time of the commencement of this action. It therefore clearly appears that the plaintiff had no cause of action upon said judgment as against any of the defendants. The foundation of the plaintiff's case is destroyed by the allegation that the grain had been sold under the execution, and that the sheriff had returned the latter as satisfied in full. The further allegation that, if the litigation pending between the sheriff and the bank is finally determined in favor of the latter, it is plaintiff's intention to move to set aside the return of the sheriff upon said execution, and to reinstate the judgment, is not a statement of any fact. It is a mere assertion of the plaintiff's intent, if circumstances require, to take certain steps in the future in respect to an existing fact.

There is another reason why the order of the court below was correct: One of the allegations in the complaint is that on January 18, 1893, the real estate in question was fraudulently transferred to the defendant bank. This action was not commenced until some time in June, 1902. Upon the face of the complaint, the presumption is that the statute of limitations (G. S. 1894, § 5136) commenced to run on the day the fraud was committed

by the making and delivery of the deed, and therefore it clearly appeared that more than six years had elapsed between the commission of the fraud and the commencement of the action. It was incumbent on the plaintiff to allege in its complaint that it did not discover the fraud until within six years before the commencement of the action, if it wished to avoid this statute. This has been repeatedly held in this court. See Duxbury v. Boice, 70 Minn. 113, 72 N. W. 838, and cases cited. Brasie v. Minneapolis Brewing Co., 87 Minn. 456, 92 N. W. 340, is also in point.

Order affirmed.