### JOHN HEIM v. GEORGE W. HEIM and Others.[1]

November 20, 1903.

Nos. 13,585—(83).

**Fraudulent Conveyance.**

In an action to set-aside a conveyance, and subject the land conveyed to a judgment, after the plaintiff had rested, defendants moved to dismiss, which motion was granted. *Held*, that there was evidence reasonably tending to support plaintiff's alleged cause of action, and that the dismissal was error.

**Findings of Court.**

While the court stated, in granting the motion to dismiss, that it would make findings that the evidence was insufficient to show a cause of action, there should have been a formal submission by both parties, with findings of fact and law, to authorize this court to order judgment for plaintiff.

Action in the district court for Stearns county, in the nature of a creditor's bill, to set aside a conveyance of real estate. The case was

---

[1] Reported in 97 N. W. 379.

90 M.—32

tried before Searle, J., who made an order dismissing the action, upon the conclusion of plaintiff's testimony. From an order denying a motion for a new trial, plaintiff appealed. Reversed.

*J. D. Sullivan,* for appellant.

*Theo. Bruener,* for respondents.

LOVELY, J.[2]

Action in the nature of a creditor's bill to set aside a conveyance of real estate by defendant George W. Heim and wife to defendants George Heim and Jacob Heim in fraud of plaintiff's rights as a judgment creditor. At the close of plaintiff's evidence, he rested, whereupon defendants without submitting the cause for decision, or resting upon the evidence already submitted, moved to dismiss the action. The court then stated that, although there were suspicious circumstances regarding the transfer of the property to George Heim,

> "I will make findings in this case that the allegations are insufficient to prove the cause of action, and defendants' motion to dismiss is granted."

There was testimony tending to show that the grantor and grantee were members of the same family; that George W. Heim, the judgment debtor, was insolvent; that the consideration for the land was inadequate; that about half of it was a note given to plaintiff's wife. Defendants were called for cross-examination, and displayed a remarkable inability to remember the material times when these transactions occurred, and the amount paid, and such lack of knowledge with reference thereto as to seem unaccountable, and furnished strong indications of bad faith. The motion for a new trial was denied, and plaintiff now asks us to order judgment in his favor upon the testimony offered in his behalf; but, in view of the course at the trial, we cannot go so far as to order a judgment absolute, for the reason that it might have been possible, on the showing for the defense by other evidence, to clear up some of the lapses of memory and discrepancies in defendants' statements under cross-examination by explanation of the same.

[2] START, C. J., absent, sick, took no part.

In view of another trial, we must hold that we cannot adopt the view that a transfer of land (except between husband and wife) from one relative to another imposes the burden upon the grantee to explain the same, or can be considered for that reason fraudulent as a matter of law. Shea v. Hynes, 89 Minn. 423, 95 N. W. 214. Neither can we say that the testimony, though it seems to preponderate in favor of plaintiff's cause of action, is so conclusive as to require us to order judgment absolute; but we are very clear that it was sufficient to require a full submission of the cause, and that it was error for the court to dismiss, as it did, without having such full submission, when it would have been its duty to have made formal findings of fact and law, when the plaintiff would have had an opportunity to have asked for amended findings upon the material issues involved, and, if the order had been adverse, then on review here the motion for judgment in plaintiff's favor might be properly urged. Tharalson v. Wyman, 58 Minn. 233, 59 N. W. 1009; Herrick v. Barnes, 78 Minn. 475, 81 N. W. 526.

For the reasons stated, we hold that the order denying a new trial should be reversed, and the cause remanded for further proceedings.