A. J. DWYER PINE LAND COMPANY v. ALONZO J. WHITEMAN and
Others.[1]

April 29, 1904.

Nos. 13,772—(48).

**Conveyance To Firm.**

The deed to a copartnership in the firm name vests the legal title to lands therein described in those members of the firm whose names are designated, and such a conveyance may be reformed in an action in equity by supplying their Christian names.

**Reformation of Deed.**

Evidence must be clear, strong, and reasonably conclusive, to justify a court in declaring a conveyance in the form of an absolute deed to be a mortgage.

**Admission of Evidence.**

Certain rulings of the court as to the admissibility of evidence upheld.

Action in the district court for Itasca county to reform a deed given by defendant Alonzo J. Whiteman to "Powers & Dwyer," by inserting therein the Christian names of the grantees. Defendant Whiteman alone appeared and answered, alleging that the deed was in fact a mortgage, and void because of usury and nondelivery. The case was tried before McClenahan, J., who found in favor of plaintiff. From an order denying a motion for a new trial, defendant appealed. Affirmed.

*Austin N. McGindley,* for appellant.

*C. J. Rockwood,* for respondent.

DOUGLAS, J.

Appellant in December, 1890, for an express consideration of $400, executed and delivered to Powers & Dwyer, copartners, a quitclaim deed conveying a quarter section of land situated in Itasca county, which conveyance was duly recorded in May, 1892. It appears that the Christian names of Messrs. Powers & Dwyer were omitted from the deed. In 1894 the land was by said grantees conveyed to the respond-

[1] Reported in 99 N. W. 362.

ent, the A. J. Dwyer Pine Land Company, a corporation by whom this action was instituted to reform the deed by supplying the full names of said copartners. Appellant, Alonzo J. Whiteman, answered, admitting the execution and delivery of the deed in question, but denied that it was delivered to the grantees for the uses and purposes therein expressed, and alleged that it was executed and delivered in escrow to secure the payment of a loan made by the grantees to him, of the sum of $400, pending the making of an estimate of the timber situated upon said land, and the completion of a sale thereof then agreed upon. He also charged the subsequent conversion of such timber by plaintiff; that the original transaction was usurious, of which plaintiff had notice; and demanded judgment canceling said conveyance, and for the value of the timber converted. Eleven years elapsed without action on behalf of the defendants, either to discharge this pretended loan, or close up said agreement. Upon final hearing, the court found the facts in favor of the plaintiff, and directed judgment against the defendants as prayed for. Reversal is asked upon the ground that the judgment is not supported by the evidence, and that the court erred in excluding certain testimony offered on behalf of the defendants.

It is clear from the record that the defendant Whiteman was permitted by the trial court to testify fully as to everything said and done, forming a part of the original transaction, except in one material particular, to wit: After he had testified that, in addition to the deed, he delivered to one of the grantors of respondent a written instrument, he was asked to state what it was. Upon objection that the question called for an answer which was not the best evidence, the objection was sustained. Thereupon defendant's counsel offered to prove, in substance, by the witness, in response thereto, that said defendant, as a part of the transaction, delivered to one of the grantees in the deed his promissory note for the sum of $400, due in either six or twelve months from date, with eight per cent. interest. This offer was also objected to upon like ground, and was excluded by the court.

While it may have been proper to show that a note was delivered as a part of the general transaction, still its contents were clearly inadmissible, as no attempt had been made to require its production. The question and offer of proof referred to having been blended, we are of the opinion that the trial court did not err in its ruling.

Bearing upon the other issue involved, the rule is settled in this jurisdiction that a deed to a copartnership by the firm name vests the legal title to the lands in those members of the partnership who are designated in the partnership name. Menage v. Burke, 43 Minn. 211, 45 N. W. 155; Foster v. Johnson, 39 Minn. 378, 40 N. W. 255. It is equally well settled that, to justify the court in declaring a deed to be a mortgage, a high degree of proof is required. In Wakefield v. Day, 41 Minn. 344, 43 N. W. 71, the court, citing Sloan v. Becker, 31 Minn. 414, 18 N. W. 143, say: "It must be clear and strong, and beyond reasonable doubt." In Little v. Braun, 11 N. D. 410, 92 N. W. 800, the court cite with approval an earlier declaration of the law, viz.: "Courts have with great uniformity in this class of cases required the proof that should destroy the recitals in a solemn instrument to be clear, specific, satisfactory, and of such a character as to leave in the mind of the chancellor no hesitation or substantial doubt." Tested by these rules, the defendant has not established the allegations of his answer, and it is clear, upon an examination of the record, the findings of the trial court are supported by the evidence.

The order appealed from is therefore affirmed.