MINNEAPOLIS THRESHING MACHINE COMPANY v. COMMODORE P.
JONES and Others.[1]

June 9, 1905.

Nos. 14,229—(32).

**Dismissal of Action—Evidence.**

The action of a trial court, after testimony has been introduced, in dismissing an action or in directing a judgment, will be sustained where the evidence is such as would not sustain a finding for the plaintiff. It is not sufficient, however, that the evidence would sustain a verdict or finding for the defendant. The evidence must be such as to require, as a matter of law, a finding against the plaintiff.

**Corporation.**

A corporation may not sell, mortgage, or lease property only for the benefit of an officer or stockholder.

**National Bank.**

Questions as to the powers of a national bank to buy or hold real estate can be raised by the federal government only.

**Holding Deed to Be Mortgage.**

A court of equity will not, upon mere conjecture, however reasonable, or upon unsubstantial evidence, however suggestive, convert a deed absolute upon its face into a mortgage. Proof justifying such interference must be clear, strong, and decisive, although not beyond a reasonable doubt.

**Avoidance for Fraud.**

In this case, a deed is sought to be avoided on the ground, inter alia, of actual fraud, irregularities, or improprieties in the organization and operation of a corporation to which the grantor in that deed previously contracted to convey the land, and by which such contract was reassigned to the grantor. *Held*, these facts, in connection with other circumstances, are not sufficient to avoid the deed.

Action in the district court for Clay county, among other things to annul, as in fraud of creditors, a deed of land made by defendant Elmwood Farm Company to defendant Flour City National Bank and a contract for the sale of the land executed by these defendants; and, in

1 Reported in 103 N. W. 1017.

case this relief should be denied, to have the deed declared a mortgage and to foreclose the same. The case was tried before Baxter, J., who granted a motion to dismiss and for judgment in favor of defendants upon the close of plaintiff's testimony. No findings of fact were filed. From an order denying a motion for a new trial, plaintiff appealed. Affirmed.

*Lewis E. Jones, Jones & King, C. A. Nye* and *Seth Newman,* for appellant.

*Chas. S. Marden* and *Chas. C. Houpt,* for respondent.

JAGGARD, J.

The plaintiff is a corporation engaged in the manufacture of threshing machines. In 1891 the C. P. Jones Stock & Grain Farming Company, afterwards known as the Elmwood Farm Company, owned a farm of four thousand seven hundred twenty acres of land in Clay county; being the land described in plaintiff's complaint. In 1891 that company purchased a threshing machine from the plaintiff and in payment gave its note, guarantied by C. P. Jones. On January 18, 1893, the Elmwood Farm Company deeded all of the premises described in the complaint to the defendant the Flour City National Bank. During the years 1893 and 1894 the Elmwood Farm Company leased the premises described in the complaint from the Flour City National Bank. On January 5, 1905, the defendant the Flour City National Bank sold all of the lands described in the complaint to the Jones Land Association, a corporation, for $77,790, in notes. The Jones Land Association agreed to pay a first mortgage upon said premises amounting to $24,800, and a balance due upon certain school-land certificates amounting to $7,772. The total contract price for the premises was $110,362. There was controversy as to whether the sum of $7,772 was paid on execution of the contract. The balance was payable at various dates therein provided. The Jones Land Association went into the possession of the premises, and remained in possession under this contract until it conveyed its interest to certain other defendants herein, as to whom the action has been dismissed, and to defendant Maria P. Jones, the wife of C. P. Jones, as to whom the action was not dismissed. On September 11, 1896, the plaintiff obtained judgment in its favor against the defendants Commodore P. Jones and the Elm-

wood Farm Company for the sum of $1,660.40 and costs. This judgment was satisfied by the sale of personal property (see Minneapolis Threshing Machine Co. v. Jones, 89 Minn. 184, 94 N. W. 551), which sale, together with the consequent satisfaction, was subsequently set aside. The judgment was thereupon reinstated.

This was an action brought by the plaintiff against the defendants herein, inter alia, for the purpose of having the deed from the defendant Elmwood Farm Company to the defendant the Flour City National Bank and the contract between said Flour City National Bank and the Jones Land Association set aside because fraudulent and void, or, in case the court should not so adjudge, to decree said deed to be a mortgage given as security for the indebtedness owing said Flour City National Bank by defendant Commodore P. Jones; that said mortgage be foreclosed, and plaintiff permitted to redeem from the foreclosure sale by paying the amount due thereon, with interest and costs of sale, after deducting the amount of credit thereon upon an accounting by the bank for moneys received on the indebtedness to it, and for further relief. At the close of plaintiff's testimony, the plaintiff having rested its case, counsel for the defendants the Flour City National Bank, Jones Land Association, and Maria P. Jones, having elected, as counsel for plaintiff insists, not to offer any evidence, moved

> For a dismissal of the action and judgment against the plaintiff on the ground that the evidence fails to sustain the allegations of the complaint herein upon the theory that the conveyance to the Flour City National Bank by the Elmwood Farm Company was fraudulent as to the creditors of C. P. Jones or the Elmwood Farm Company, or that such conveyance was in fact given as a mortgage to secure the payment of the debts of said C. P. Jones and the Elmwood Farm Company, or either of said debtors, and upon the further ground that the testimony is insufficient to base any findings of fact or judgment thereon against the defendants, or either or any of them.

The court granted that motion. Plaintiff duly excepted thereto. Subsequently there were some proceedings as to findings of fact which are immaterial to this decision, and which, so far as affects this appeal, were of no legal avail. A case was settled, and, from an order refusing

to vacate and set aside the order for judgment and denying its motion for a new trial, plaintiff appeals.

1. The first contention of plaintiff is that under section 5408, G. S. 1894, in the absence of findings of fact and conclusions of law by the trial court, that court erred in granting defendants' motion hereinbefore set forth in full. Craver v. Christian, 34 Minn. 397, 26 N. W. 8; Chickering & Sons v. White, 42 Minn. 457, 44 N. W. 988. It is a well-settled rule in this court that "a trial court, whether the trial be with or without jury, cannot rightly dismiss an action, without a verdict or findings of fact, on the ground that the plaintiff has failed to establish a cause of action, unless the evidence is such that it would not sustain a verdict or finding for the plaintiff. It is not sufficient that the evidence would sustain a verdict or finding for the defendant. * * * It must be such as to require, as a matter of law, a verdict or finding against the plaintiff." Start, C. J., in Herrick v. Barnes, 78 Minn. 475, 81 N. W. 526; Tharalson v. Wyman, 58 Minn. 233, 59 N. W. 1009, per Mitchell, J. And see Hamm Realty Co. v. N. H. Fire Ins. Co., 80 Minn. 139, 83 N. W. 41; Heim v. Heim, 90 Minn. 497, 97 N. W. 379. Accordingly the court was justified in this case only if upon no aspect of the case plaintiff was entitled to relief. It would undoubtedly have been the better practice to have seasonably prepared, signed, and filed findings of fact in such a case. In view of the rule that the appellate court will sustain findings of fact by the trial court if there is evidence reasonably tending to support them, it is apparent that a trial court's failure to make findings may often result in reversals in cases in which upon proper findings the trial court would have been sustained. Knoblauch v. Kronschnabel, 18 Minn. 272 (300); Altman v. Graham, 22 Minn. 531; Dixon v. Merritt, 6 Minn. 98 (160); Dunnell, Minn. Pr. § 1654.

2. The second question here to be determined is whether or not the deed from the Elmwood Farm Company to the Flour City National Bank was absolutely void as to the creditors of the former, including this plaintiff, because it was a gift by an insolvent corporation to a creditor of its stockholder to pay the latter's debt. It may be admitted to be the law that a corporation may not sell, mortgage, or lease property only for the individual benefit of an officer or stockholder. 1 Clark & M., Priv. Corp. 434; Wheeler v. Home, 188 Ill. 34, 58 N. E.

598; National v. Bank, 181 Ill. 35, 54 N. E. 619. The answer of the bank alleged an indebtedness to the bank by the farm company of over $50,000. The reply of plaintiff admits the existence, but not the amount, of that indebtedness. The satisfaction of that indebtedness was therefore a valuable consideration for the deed to it. There is no force to the further contention of plaintiff that the transaction is ultra vires, because of the limitations on the power of a national bank to buy and hold real estate. That question can moreover be raised by the federal government only. Hennessy v. City of St. Paul, 54 Minn. 219, 55 N. W. 1123, collecting cases at page 223 of 54 Minn., and page 1125 of 55 N. W. Counsel for plaintiff insists that these propositions contain "the meat in the cocoanut." If this view be accepted, it is obvious that the trial court was justified in denying it any relief.

3. The facts, however, show that the most forcible contention of the plaintiff is that the bank held the title to the real estate in question in trust to pay the debts of C. P. Jones to itself and other banks; that it held any surplus for the benefit of said C. P. Jones; that this trust applied to the transaction with the Jones Land Association, and to at least part of the lands transferred to Maria P. Jones; and that, after an accounting for moneys received by the bank, the mortgage should be foreclosed, and this plaintiff permitted to redeem therefrom. The record shows that when the farm company deeded the lands the bank surrendered to Jones his notes held by that bank and by the bank of Hill & Sons and the Citizens' Bank; that Hill & Sons approved the contract to the Jones Land Association; and that credit was given for the interest on the notes of the Citizens' Bank. These and other parts of the transactions set forth in the record, the very nature of the business of a bank, and the common custom of such institutions to deal with lands as security for debts, as this bank dealt with the land here, impart a color of verity to the contention that the transfer to the bank was not an absolute and indefeasible conveyance in fee. But a court of equity will not, upon mere conjecture, however reasonable, or upon unsubstantial evidence, however suggestive, convert a deed absolute upon its face into a mortgage. A high degree of proof of facts justifying such interference is essential. That proof must be clear, strong, and decisive, although not beyond reasonable doubt. Wakefield v. Day, 41 Minn. 344, 347, 43 N. W. 71; Sloan v. Becker, 31 Minn. 414,

18 N. W. 143 and 34 Minn. 491, 26 N. W. 730. Careful examination of the record in this case has satisfied us that the proof in this case does not conform to this standard, and that upon the record the trial court would not have been justified in holding that the deed to the bank was a mortgage.

4. The final question to be determined is whether the deed to Maria P. Jones is void because of actual fraud. Considerable testimony was introduced relative to the organization and operation of the Jones Land Association, and to the contracts with and payments to that association concerning the lands conveyed to it by the bank. Many questions thus arising are eliminated by the dismissal of this action as to many of the defendants. Whatever the legal aspect of the facts shown by that testimony might be on other issues, we are of opinion that they do not alone, or in connection with other facts claimed to show fraud, avoid the transactions on trial here. The land association contracted to sell to Maria P. Jones, one of these defendants, and the wife of C. P. Jones, certain of the lands conveyed to it by the defendant bank, and that contract was thereafter assigned to the bank. The bank thereupon executed to Maria P. Jones a deed to certain tracts of land, part of which only are included in the deed by the Elmwood Farm Company to said bank, and received the notes and mortgages evidencing and securing the consideration of the deed. No claim is made and no proof was introduced to show that such consideration did not represent the full value of the land so conveyed. The transactions with the land association, while not necessarily without significance, are not material to the transfer to defendant Maria P. Jones.

It would serve no useful purpose to detail the testimony further. We are of the opinion that there was no such evidence as would have justified the trial court in avoiding the deed to Maria P. Jones.

Order affirmed.