# GEORGE E. YOUNG v. CATHERINE BAKER.[1]

February 11, 1915.

Nos. 19,017—(234).

**Mortgage — evidence necessary to establish.**
    1. A deed absolute in form may be shown by parol evidence to be in fact a mortgage. To sustain a decision to that effect the evidence must be clear, strong and convincing, but not necessarily beyond a reasonable doubt.

**Same — finding on appeal.**
    2. This court will sustain a finding of the trial court that a deed in form is a deed in fact, unless the evidence clearly and manifestly requires a determination to the contrary.

**Finding sustained by evidence.**
    3. The evidence in this case is conflicting, and it sustains a finding of the trial court that a deed from plaintiff's grantor to defendant was a deed in fact and not a mortgage.

Action in the district court for Hennepin county to determine adverse claims to certain real estate. The case was tried before Hale, J., who made findings and ordered judgment in favor of defendant. From an order denying plaintiff's motion for a new trial and an order denying his motion for amended and substituted findings of fact and conclusions of law, he appealed. Affirmed.

*R. M. Hayes* and *George E Young,* for appellant.
*George Harold Smith* and *Francis B. Hart,* for respondent.

HALLAM, J.
Plaintiff asks that a deed absolute in form, given by his grantor Robert Schulz to defendant, be adjudged a mortgage. Schulz owned an undivided one-ninth interest in a tract of land which formed part of his father's estate. February 14, 1902, he borrowed either $500 or $550 from the defendant, who is his aunt. No note was given and

[1] Reported in 151 N. W. 132.

no security given at the time. On January 10, 1903, Schulz gave to defendant a deed absolute in form of all his interest in this land. Defendant claims that the deed of the land was given in payment of the loan, and she now claims title under this deed. Plaintiff claims that the deed, while absolute in form, was in fact a mortgage given to secure the loan, and claims that Schulz later repaid the amount in money. In 1907 Schulz quitclaimed to plaintiff, and he brings this action to quiet title. The court found in effect that the deed from Schulz to defendant was what it purported to be, an absolute deed of the land. This is the pivotal question in the case. We are asked to hold that the finding of the court is not sustained by the evidence.

It is well settled that a deed, absolute in form, may be shown by parol evidence to be in fact a mortgage. To warrant a court in holding that a writing, in form an absolute deed, is in fact a mortgage, something more than a mere preponderance of evidence is required. In some cases this court has gone so far as to hold that the evidence must establish this fact beyond a reasonable doubt. Sloan v. Becker, 34 Minn. 491, 26 N. W. 730; Wakefield v. Day, 41 Minn. 344, 43 N. W. 71; A. J. Dwyer Pine Land Co. v. Whiteman, 92 Minn. 55, 99 N. W. 362. These decisions were built upon the case of Guernsey v. American Ins. Co. 17 Minn. 83 (104), where it was held that proof beyond a reasonable doubt was required to sustain an action to reform a written contract on the ground of mistake, and it was said in Sloan v. Becker, supra, that "wherever the degree of proof required in cases like this is mentioned, the rule is stated the same as in suits to reform instruments." In Wall v. Meilke, 89 Minn. 232, 94 N. W. 688, the Guernsey case was overruled insofar as it established this rule of evidence in actions to reform contracts, and the rule was established that all that is required in such cases is that the evidence be clear, strong and convincing. Later cases following the principle of Wall v. Meilke have generally applied the same rule to an action to declare a deed a mortgage, and the rule in this state now is that the proof required in such a case must be clear, strong and convincing, although not necessarily beyond a reasonable doubt. Minneapolis Threshing

Machine Co. v. Jones, 95 Minn. 127, 103 N. W. 1017; Stitt v. Rat Portage Lumber Co. 96 Minn. 27, 32, 104 N. W. 561; Teal v. Scandinavian American Bank, 114 Minn. 435, 131 N. W. 486. This was the burden resting upon plaintiff in this case.

This court will not disturb the finding of the trial court upon that issue, unless it is manifestly and palpably without support in the evidence. This is the general rule as to all findings of the trial court, and the fact that the case is one wherein plaintiff is required to establish his case by something more than a mere preponderance of evidence, does not change the rule. It is still and always the duty of this court to sustain the finding, unless the evidence clearly and manifestly requires a determination contrary to that reached by the trial court. Oertel v. Pierce, 116 Minn. 266, 133 N. W. 797, Ann. Cas. 1913A, 854; Foster v. Brick, 121 Minn. 173, 175, 141 N. W. 101; Freeburg v. Honemann, 126 Minn. 52, 147 N. W. 827.

In this case the evidence is in conflict. Schulz gave testimony that in January, 1903, he was about to be sued on a personal injury claim and that he approached defendant and said: "Mrs. Baker, I may have a little trouble and I would like to put the deed of my land in your name to secure your five hundred dollars," and that defendant assented. This was eleven months after the loan was made. Schulz further testified, that about a month later he repaid the loan in full, but that he did not take a reconveyance of the land because of the personal injury claim against him; that judgment was later secured on said claim and Schulz took advantage of bankruptcy proceedings to defeat it, and did not demand a reconveyance until after his discharge in bankruptcy. Schulz's testimony that this conveyance, in form a deed, was in fact a mortgage, is corroborated by some testimony of admissions alleged to have been made by defendant, and it receives corroboration in some of the attendant circumstances, such, for example, as the fact that defendant for years paid no taxes upon this share of the land and permitted the premises to be rented by the other co-owners, and demanded no share of the rent.

On the other hand, defendant testified that Schulz proposed to her that she take his interest in the land in payment of the debt, and that later, through her son, she advised him that she would do so.

Her son corroborates her.  Some other witnesses gave corroborating testimony.  Schulz does not appear before the court in a favorable light.  He admits that one purpose he had in making the deed to defendant was to defraud a creditor and to save the property from bankruptcy proceedings that later followed.  In the bankruptcy proceedings he did not schedule this property, and made oath that he had no property other than that scheduled.  Whether the bankruptcy proceedings, as a matter of law, precluded him from later asserting title to this property, is a question which we do not discuss or decide. We may, for purposes of this case, assume that those proceedings did not so preclude him.  The fact remains that Schulz's sworn statement made in the bankruptcy proceedings is strong impeaching evidence here.  The decision of the trial court is in exact accord with that sworn statement.  To say that a decision in accord with the former sworn statement of plaintiff's principal witness is clearly and palpably against the evidence, would be an astonishing proposition.  If it be true that Schulz concealed his property from his creditors so successfully that all trace of his title was lost to them, he should not be surprised or disappointed if the court fails to follow the trail of his title after the occasion for concealment has passed.  The evidence amply sustains the finding of the trial court that this deed in form was a deed in fact and that it divested Schulz of all title to the land. Plaintiff, the grantee of Schulz, stands in his shoes, and his title must also fail.

Order affirmed.