CLARA CARLSON, AS EXECUTRIX OF THE ESTATE OF LARS CARLSON, DECEASED, AND CLARA CARLSON v. JOHN KROEGER.[1]

February 10, 1922.

No. 22,605.

Special verdict supported by evidence.
1. The evidence sufficiently supports the verdict upon the special issue submitted.

Reformation of instrument—evidence required.
2. The evidence, in order to justify the reformation of a written contract, must not only preponderate in favor of the party seeking reformation, but must be clear and strong, or, as also expressed, satisfactory and convincing upon the controverted issues.

Charge to jury.
3. The charge of the court was that plaintiffs had the burden of proof and must establish the issue by a fair preponderance of the evidence. No request to instruct as to the character or quality of the evidence was made, and no suggestion given that the instruction should

[1] Reported in 186 N. W. 705.

be modified or amplified before the jury retired. It is *held* that a reversal cannot be based 'upon the instruction referred to.

**Rulings at trial.**

4.   No ruling during the trial is subject to substantial criticism.

**Special verdict does not necessarily control findings on other issues.**

5.   The issue determined by the jury in plaintiffs' favor does not necessarily call for findings in their favor upon the issues left for the court's determination.


Action in the district court for Martin county to reform an executory contract for the sale of a farm, and for specific performance thereof. The case was tried before Dean, J., who at the close of the testimony denied defendant's motion to instruct the jury to answer in the negative the special question submitted and to make and enter findings in favor of defendant, and a jury which answered in the affirmative the specific question: "Did the defendant agree to pay and assume the ditch lien upon the following described lands in Martin county * * * ." From an order denying his motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Sasse & French* and *Ballou & Ballou,* for appellant.
*Allen, Seifert & Allen,* for respondents.


HOLT, J.

The action is to reform an executory contract for the sale of a farm in Martin county, and for specific performance of the contract as reformed. The following issue was settled to be tried to a jury, viz: "Did the defendant agree to pay and assume the ditch lien" upon the farm? The answer of the jury was in the affirmative. The appeal is from the order denying defendant's motion for judgment notwithstanding the verdict or for a new trial.

When the evidence was in, defendant moved the court that the jury be instructed to answer the question submitted in the negative and that findings and order for judgment be made in his favor. It is true that, upon the pleadings and the undisputed facts brought

out at the trial, defendant would be entitled to the findings asked if the evidence compelled a negative answer to the question, but the correct practice would seem to be that defendant's motion should be confined to an instructed verdict in his favor on the issue tried to the jury. It was a court case, and findings must be made wherein is to be incorporated the special finding and verdict of the jury. Our examination of the evidence will be limited to the propositions whether there is sufficient evidence to support the special verdict and whether there are errors in the record.

Plaintiff Lars Carlson, a retired farmer living at Triumph, Minnesota, owned the farm in question located a short distance from the village. Defendant's son Frank and one Harris were in partnership, selling lands around Triumph. Both, however, devoted most of their time to other businesses in which they had no mutual interests. On May 26, 1919, Harris solicited the sale of Lars Carlson's farm. Carlson stated that his price was $175 per acre, the purchaser to assume and pay the ditch lien thereon. Shortly afterwards, on the same day, Frank Kroeger and Harris together talked with Carlson, and Frank listed or wrote down on some listing blanks the price and terms of sale. Carlson and Harris testified that it was positively stated that the purchaser must pay $175 per acre and assume the ditch lien. Frank said Carlson signed the listing contract. Harris denied this, and Carlson is not clear, but did testify that he did not believe he signed any writing. It was rather significant to a jury that defendant's son did not produce this paper at the trial.

In the late afternoon Harris took defendant in an automobile and showed him the farm. He testified that he gave the price at $175 an acre, and the purchaser to assume the ditch lien, and that defendant agreed to buy on those terms. On their return to Triumph they found Carlson and Frank Kroeger. The four then went into the bank, and, after some talk as to the amount to be paid before delivery of possession, Frank wrote out the contract which Carlson and defendant signed. The four then went to Carlson's home and his wife signed the contract also, after it was read to her. Harris' testimony was that both at the bank and at plaintiff's home Frank

read the contract as containing a clause that the purchaser was to pay and assume the ditch lien. This is denied by Frank and defendant. Lars Carlson testified that he could not remember how it was read at either place. He was an old man, nearly 70. He did not have his glasses with him at the bank, the inference is that he could not then have read the contract even if he had tried to.

The contract contained nothing as to a ditch lien, nor did it provide for a warranty deed. It stated the purchase price to be $42,-000; $1,000 paid at the time of execution; $6,000 March 1, 1920, and $28,000 five years after March 1, 1921, secured by a purchase money mortgage, the purchaser to pay a $7,000 mortgage then on the farm, and all taxes and assessments thereafter levied. There was a ditch lien of $2,450 placed in 1918 on the farm for the construction of a drainage system, but no work had been done upon this farm at the time defendant went out to see it. There was a dredge a short distance west. Harris pointed it out and testified he told defendant that the ditch was going through the Carlson farm, and again stated that the purchaser would have to pay the ditch tax in addition to the price of $175 per acre.

Under this state of the record we cannot hold that there is not sufficient evidence to support the finding. The testimony is clear and positive, if Harris tells the truth. Whether it was strong and convincing on the special issue tried was for the jury to weigh and determine. No doubt the true rule, as hereinafter stated, was fully presented on the hearing of the motion for a new trial, and we must assume that the learned trial court examined the evidence with that rule in mind when he approved the verdict.

The court instructed the jury that the burden of proof was on plaintiffs to establish by a fair preponderance of the evidence the truth of their claim. Various assignments of error challenge the charge in this respect. The court's instruction was not wrong, as far as it went. Of course the burden of proof was upon plaintiffs, and the evidence must preponderate in their favor in order to maintain such burden. No request was made to instruct as to the quality or character of the proof. Nor was the court's attention directed to that matter until the motion for a new trial was made. On the

issue submitted, as well as on the ones remaining to be determined by the court, the rule is that, in order to authorize the reformation of a written contract, the evidence must be clear and strong, or, as it is sometimes stated, it must be clear and satisfactory or convincing. Sloan v. Becker, 34 Minn. 491, 26 N. W. 730; Layman v. Minneapolis Realty Co. 60 Minn. 136, 62 N. W. 113; A. J. Dwyer Pine Land Co. v. Whiteman, 92 Minn. 55, 99 N. W. 362; Mahoney v. Minnesota F. M. Ins. Co. 136 Minn. 34, 161 N. W. 217.

We have examined the rulings in respect to the admission and exclusion of testimony upon which error has been assigned, but find none involving matters of substance, or likely to change the result.

On the argument defendant's counsel apparently took it for granted that the special verdict necessarily disposed of the action against defendant. This is a mistaken view. It remains for the court to determine whether mutual mistake or fraud of defendant brought about the omission to insert the provision in respect to the ditch lien in the contract. And in finding on those issues the trial court must weigh and examine the evidence in the light of the rule that it must be clear and strong or clear and satisfactory or convincing in order to find in plaintiffs' favor. We refrain from intimating any opinion on those matters at this time, or to give a resume of the evidence bearing thereon.

The order is affirmed.