## BREMER COUNTY v. BUCHANAN COUNTY.

1. **Paupers:** AID BY TOWNSHIP TRUSTEES TO NON-RESIDENTS: WARNING TO DEPART: RECORD OF. Where two of the trustees of a township in the plaintiff county made and signed, and had served upon certain paupers who had a settlement in the defendant county, the notice to depart authorized by §§ 1355, 1356 of the Code, and afterwards, at a meeting of the trustees, they ordered temporary relief to the paupers, and afterwards the board of supervisors of the plaintiff county made an order continuing relief at a regular monthly rate, and orally, while in session, ordered the auditor to notify the auditor of the defendant county that the paupers had become a county charge, which he did, *held* that an action to recover of the defendant county for the relief so furnished would not be defeated because the trustees did not cause the township clerk to make a record of their action in ordering the warning to depart, and in ordering relief to the paupers.

*Appeal from Black Hawk Circuit Court.*

WEDNESDAY, OCTOBER 3.

THIS is an action for reimbursement for aid furnished by the plaintiff to certain paupers at a time when they had a legal settlement in the county of Buchanan, as it is alleged.

There was a demurrer to the petition, which was sustained, and plaintiff appeals.

*Gibson & Dawson*, for appellant.

*Woodward & Cook*, for appellee.

ROTHROCK, J.—It is averred in the petition that at the time the aid was furnished to the paupers they had a legal settlement in Buchanan county, and that they had not acquired a settlement in Bremer county. On the thirteenth of January, 1879, the paupers, being then temporarily in Dayton township, Bremer county, made a verbal application to the township trustees of that township for relief, and the trustees, being satisfied that the applicants were in such a state of want as to require relief at public expense, at a meeting then held (no record of which has been kept, and at which the township clerk was not required to be present), ordered relief to be furnished by giving orders to furnish said paupers with goods.

The following is a copy of one of said orders:

"SUMNER, Iowa, January 13, 1879.

"S. F. CASS & Co.:

"Please furnish Casper Primus goods to the amount of eleven dollars, and charge the same to Bremer County, Iowa.

"C. H. MOHLING,

"JACOB AMBROSE,

"*Trustees for Dayton Township, Bremer County, Iowa.*"

Two other orders, in substantially the same form, were issued on the twenty-second of February, 1879.

The goods were furnished to the paupers as ordered, and at the April session, 1879, of the board of supervisors, the parties who furnished the goods presented verified bills for the same, to which was attached the written orders of the township trustees, and the supervisors, being satisfied that

VOL. LXI—40

the said bills were reasonable and proper, ordered the same to be paid, and they were paid.

At the same session of the board of supervisors, an order was duly made and entered of record that the auditor issue a warrant on the poor fund to Casper Primus monthly, at the rate of $2 per week from March 6, 1879, until further orders. Under this and the said order of the township trustees, aid was furnished to the paupers to the amount of $213, and a bill thereof was presented to Bremer county by the board of supervisors of Buchanan county for reimbursement of said amount, and payment thereof was refused.

On the seventeenth of January, 1879, the auditor of Bremer county served a notice in writing upon the auditor of Buchanan county, stating that said paupers had applied for and were then receiving aid from Bremer county, and that measures should be taken for their removal to Buchanan county, and that the latter county would be held liable for all aid furnished to them. No order of the board of supervisors was entered of record directing such notice to be given, but the auditor was verbally ordered by the board while in session to serve the notice.

On the eleventh day of January, 1879, two of the trustees of said Dayton township made, signed and served a notice on the paupers that they were not residents Bremer county, and warning them to return to the place of their legal settlement, or Bremer county would not be responsible for their support. This last notice was also prepared and served without any formal order having been entered by the clerk of the township.

The grounds of the demurrer are that no action can be maintained, because no record was made by the township clerk of the orders of the township trustees authorizing aid to be furnished, and no record was made of the order of the township trustees of the notice warning the paupers to leave Bremer county. It is not objected that the notice to depart was not in proper form, but that, to be valid, there must be a record of the order upon which it is made.

It is true that section 392 requires that township trustees "shall cause a record to be kept of their proceedings," and section 395 provides that "the township clerk shall keep accurate records of the proceedings and orders of the trustees * * * * * * ."

Section 1365 of Code is as follows: "The poor must make application for relief to the trustees of the township where they may be, and, if the trustees are satisfied that the applicant is in such a state of want as requires relief at public expense, they may afford such relief as the necessities of the person require, and shall report the case forthwith to the board of supervisors, who may continue or deny relief as they find cause."

It is averred in the petition that the order for the relief was actually made at a meeting of the trustees, and the question is, shall the action fail because the record does not show such order. The trustees gave written orders to certain persons to furnish certain supplies. These orders were signed by the trustees, and we think this is sufficient to charge the proper county with the support furnished. The statute provides that the county auditor shall record all the proceedings of the board of supervisors in proper books provided for that purpose. This court has held that a board of supervisors may employ counsel to prosecute or defend actions, and that such a contract is binding without a formal vote of the board, or an entry of the fact of such employment. *Tatlock v. Louisa County*, 46 Iowa, 138, and in *Ferguson v. Davis County*, 57 Id., 601, it is held that the presentation of a claim against a county, and demand for payment, may be proved by the person presenting it. And we have held that the notice of a claim of this character may be given by the auditor of one county to the auditor of the other, and that this is a sufficient compliance with the law; and, to make this notice effectual, it is not necessary to convene the boards of supervisors of both counties. *The County of Cerro Gordo v. The County of Wright*, 50 Iowa, 439.

In view of the fact that the township trustees made and signed the orders for the goods, and made and signed the notice, to depart, and that upon these orders, and this notice, the board of supervisors acted, we think the aid is shown by the petition to have been properly and legally furnished.

By section 1356 of the Code, the warning to depart is required to be in writing, and may be served upon the order of the trustees of the township or of the board of supervisors. In this case, the trustees themselves signed the warning, and it seems to us this is a sufficient order.

In our opinion, the demurrer to the petition should have been overruled.

REVERSED.