ANTON KNOBLAUCH *vs.* ELIZABETH E. FOGLESONG and another.

July 28, 1887.

**Subrogation—Action upon Note secured by Mortgage.—**Where a defendant, upon paying a debt sued for, will be subrogated to the rights of plaintiff in a security for the debt, he may in his answer allege the facts showing that he will be so entitled to subrogation; and the court, before rendering judgment, may require the plaintiff to execute and file a transfer to defendant of the security, to be delivered on payment of the judgment.

Appeal by plaintiff from an order of the district court for Hennepin county, *Young*, J., presiding, overruling a demurrer to the answer.

*E. W. Rossman*, for appellant.

*F. B. Wright* and *Gilfillan, Belden & Willard*, for respondents.

GILFILLAN, C. J.[1]  Complaint upon a promissory note.  The answer admits the note, and alleges that the note was secured by a mortgage executed to plaintiff by defendants upon real estate belonging to them, and that, after the execution of the note and mortgage, they conveyed the real estate to one Crossman, who, in consideration thereof, and as a part-payment of the purchase price, thereupon assumed the payment of the note, and agreed to pay and discharge the same; and the answer alleges defendants' willingness to pay, and offers to pay, the note upon the assignment by plaintiff to them of the mortgage, and the indorsement and delivery to them of the note, and demands that plaintiff have no judgment until he shall have deposited in the court, to be delivered to defendants on payment by them of the judgment, the mortgage duly assigned to them, and the note duly indorsed to them.  The court below overruled a demurrer to the answer.  Upon payment by them of the note, the defendants, under the facts alleged, will in equity be subrogated to the .rights of plaintiff in the security,—the mortgage,—and entitled to enforce the security for their indemnity.  *Baker* v. *Terrell,* 8 Minn. 165, (195;)  *Baker* v. *North-*

[1] Berry, J., because of illness, took no part in this case.

*western Guaranty Loan Co.,* 36 Minn. 185, (30 N. W. Rep. 464.) And, since choses in action may now in law be assigned, the party who in equity is subrogated to the rights of another in a debt or security is, where necessary to his protection or the enforcement of the debt or security, entitled to have the legal title vested in him, so as to be under his complete control. There is no doubt, therefore, that, at the instant the defendants pay the note, they will be entitled to its indorsement and delivery to them, and to an assignment of the mortgage.

An answer may set forth "all equities existing at the time of the commencement of any action in favor of a defendant therein, or discovered to exist after such commencement, or intervening before a final decision in such action." See Gen. St. 1878, *c.* 66, § 96, subd. 3. It is true that such equity must, in general, be complete and perfect at the time it is pleaded, and not one dependent on the happening of some future or then contingent event. But it can hardly be regarded as depending on a future or contingent event where it must inevitably become perfect upon the plaintiff obtaining the full relief sought in the action, to wit, payment of the debt due him. Where the action of the court will perfect the equity, till then inchoate, we think it comes within the spirit of the statute. We are more ready to arrive at this conclusion, in a case like this, from the fact that we cannot conceive how the interposition of such an equity can in any way prejudice the plaintiff. When he is paid, it is immaterial to him who gets or holds the note and mortgage, or what becomes of them. And, if he will at once execute and file the proper transfers, the district court is fully able to prevent any delay in granting to plaintiff the relief he seeks. On the other hand, it may be of great importance to defendant to receive, the instant he pays the debt, the transfer he is entitled to.

Order affirmed.