PERCIVAL BARTON *vs.* CHARLES A. MOORE.

December 17, 1890.

**Subrogation — Right of Defendant to Assignment from Plaintiff— Pleading.**—If a defendant, who upon paying the debt sued for will be subrogated to the right of the plaintiff in collateral security for the debt, desires, upon payment of the judgment, a formal assignment of the security to himself, he must ask for such relief in his answer.

Action on a promissory note, brought in the district court for Ramsey county by indorsee against maker. In his answer the defendant pleaded that he made the note under the circumstances stated in the opinion, and merely as agent for one Abbott and for his accommodation, as plaintiff, when receiving the note, well knew. He further alleged that neither Schnittger (the payee) nor the plaintiff can execute and deliver to Abbott a sufficient satisfaction, nor to defendant a sufficient assignment, of the mortgage; and that, without such assignment, the defendant would be greatly damaged in being compelled to pay the note, without any recourse upon the land or upon Abbott, the person primarily liable. At the trial before *Kelly,* J., the court directed a verdict of $1,772.65 for plaintiff. A new trial was refused, and the defendant appealed.

*F. C. Stevens,* for appellant.

*S. C. Olmstead,* for respondent.

MITCHELL, J.    The defence in this case is based entirely upon the mistaken idea that the promissory note upon which the action is brought, was accommodation paper—that is, executed without any consideration, for the accommodation of the payee, Schnittger. The undisputed facts are that Schnittger had contracted to sell certain real estate to one Abbott, the terms of the agreement being that, upon the execution of the deed, Abbott was, for part of the purchase-money, to execute to Schnittger a note secured by a mortgage on the premises. The business on behalf of Abbott was transacted by defendant as his agent. When the time arrived for the performance of the contract, Abbott was in California; and, to avoid the trouble

of sending there to have him execute the note and mortgage, defendant took the deed in his own name, and executed the note and mortgage to Schnittger, and then conveyed the property to Abbott subject to mortgage, which Abbott assumed and agreed to pay. Subsequently, Schnittger transferred his note and mortgage to plaintiff, who brought this suit on the note. It is self-evident from this statement of the facts that the note was not, in any sense, accommodation paper, Schnittger having given full consideration for it by the conveyance to defendant, who voluntarily assumed the position of debtor in place of his principal. As between Abbott and defendant, the latter of course stood in the relation of surety, and, upon payment of the note, is entitled to be subrogated to the rights of plaintiff in the mortgage; and, under the doctrine of *Knoblauch* v. *Foylesong,* 37 Minn. 320, (33 N. W. Rep. 865,) if he had asked for any such relief in his answer, the court might have required the plaintiff to execute and file a transfer to him of the mortgage, to be delivered upon payment of the judgment. But it was not incumbent on plaintiff to tender such a transfer as a condition precedent to his right of recovery, and the defendant asked for no such relief in his answer. It is not yet too late for the court to make such an order, if asked for, and no new trial is necessary to enable this to be done.

Order affirmed.