EMILY F. LEONARD *et al. vs.* PETER SWANSON *et al.*

Argued July 9, 1894. Affirmed July 17, 1894.

No. 8751.

**A deed held taken as further security, not in payment.**

> A deed from the owner of the equity of redemption of mortgaged premises to the agent of the mortgagee, *held* in this case to have been taken as further security for, and not in payment of, the mortgage deed.

**Time of payment not extended.**

> Also that there was no evidence of any extension of the time of payment of the debt so as to release a surety.

Appeal by Hank N. Anderson, one of the defendants, from a judgment of the District Court of Hennepin County, *Robert D. Russell,* J., entered February 19, 1894, against him upon his guaranty of payment of a note to plaintiff, Emily F. Leonard, for $1,000 and interest made by Peter Swanson, the other defendant.

Appeal also by Anderson from another judgment of the same court entered at the same time upon his guaranty of another note for $500 and interest, also made by Swanson, but held by Frank Koenig.

*Loren C. Stevenson,* for appellant.

*Cross, Carleton & Cross,* for respondent.

MITCHELL, J. These actions were brought on two promissory notes executed by defendant Swanson, payable to the order of the respective plaintiffs, payment of which was guarantied by defendant Anderson. The undisputed facts are that at the date of the execution of the notes Swanson, to secure their payment, executed to the plaintiffs a mortgage on certain real estate. The premises were subsequently sold by Swanson, and finally passed to one Donlon, each conveyance being subject to plaintiffs' mortgage, but none of the grantees assuming its payment.

Some ten months after the maturity of the notes, there being also considerable back interest due, and Donlon, the owner of the equity

of redemption, not feeling warranted in paying the mortgage, one Jones, the agent of the plaintiffs for the collection of the notes, took from Donlon to himself a deed of the premises subject to the mortgage, and gave back to Donlon a contract giving him the option to purchase back the premises at any time within a year upon payment of a sum of money which was exactly equal to the amount due on the mortgage from Swanson to the plaintiffs. While this deed was taken in Jones' name, it was done at the request of the plaintiffs, and for their benefit. The object of taking this deed was that Jones might, in that way, better protect plaintiff's interests, and secure the rents of the premises, and apply them upon the interest due on the mortgage, which he in fact did. There was no agreement that the land was to be taken in payment or satisfaction of the debt. Donlon, it will be observed, was not a party to the notes, or in any way personally liable for their payment.

Anderson contends—First, that this deed of the mortgaged premises from Donlon to Jones operated as a payment of the notes; and, second, that the arrangement between Jones and Donlon extended the time of payment of the notes for a year, thereby releasing him from his obligation as guarantor.

On the first point it is sufficient to say that there is no evidence of any agreement, even with Donlon, much less with Swanson, to take the land in payment of the notes. The evidence all goes to show that the deed from Donlon was taken merely as further security for the debt.

And upon the second point we need only say that there was neither allegation nor proof of any extension of the time of payment. Plaintiffs were just as free to sue on their notes or foreclose their mortgage after the Donlon deed as before.

Anderson further suggests that, as surety for Swanson, he is entitled, on payment of the notes, to the benefit of all the securities held by plaintiffs for the payment of the debt. This is undoubtedly true, but this is no defense to an action on the notes. He must first pay the debt, in order to claim the benefit of the securities. Had he asked, in his answer, for any such relief, the court, before rendering judgment, might have required plaintiffs to execute and file a transfer to him of the security to be delivered on payment of the judgment; indeed, it is not too late yet for the court to make such an

order on proper application. *Knoblauch* v. *Foglesong,* 37 Minn. 320, (33 N. W. 865;) *Barton* v. *Moore,* 45 Minn. 98, (47 N. W. 460.)

Judgments affirmed.

COLLINS and BUCK, JJ., absent, took no part.

(Opinion published 59 N. W. 1009.)