ANDREW THARALSON *vs.* OLIVER C. WYMAN *et al.*

Submitted on briefs July 12, 1894. Reversed July 17, 1894.

No. 8770.

**Findings of facts when necessary.**

Although an action is tried by the court without a jury, the court has no right to dismiss it, without findings, on the ground that the plaintiff had failed to establish a cause of action, except where the evidence adduced by the plaintiff would not have justified findings in his favor. If the evidence would have justified findings in favor of the plaintiff, it is the duty of the court, under the statute, to give its decision in writing, stating the facts found and the conclusions of law separately.

Appeal by plaintiff, Andrew Tharalson, Assignee, from an order of the Municipal Court of the City of Minneapolis, *Stephen Mahoney,* J., made March 31, 1894, denying his motion for a new trial.

On January 11, 1893, A. F. Nordstrom was a trader at Litchfield and was indebted to defendants, Oliver C. Wyman, George H. Partridge and Samuel D. Coykendall, partners in trade at Minneapolis, $500, for which they held his notes past due. He was insolvent, and on that day delivered to defendants eleven promissory notes which he had taken from his customers for goods sold. The face value of these notes was $427.70, and defendants received them as security for the payment of the debt. On January 18, 1893, he paid them $300 by check. On February 18, 1893, he made an assignment to plaintiff under Laws 1881, ch. 148, as amended, of all his nonexempt property in trust for his creditors. The plaintiff accepted the trust and brought this action to recover the eleven notes, claiming that their delivery to defendants was an unlawful preference under that statute.

When plaintiff's evidence was all in, the defendants asked the court to dismiss the action on the ground that the evidence was insufficient to sustain the allegations of the complaint. The court granted the motion, and the plaintiff excepted, moved for a new trial, and being denied, appeals.

*Henry J. Gjertsen*, for appellant.

*Fred B. Dodge*, for respondents.

MITCHELL, J.    This was an action by an assignee in insolvency to recover certain securities which it is alleged that the insolvent, Nordstrom, assigned to defendants with a view of giving them a preference over other creditors, the defendants having at the time reasonable cause to believe that Nordstrom was insolvent.   Upon the trial the plaintiff introduced evidence tending to prove that Nordstrom was a retail country merchant, and for over two years had been a customer of the defendants, who are wholesale merchants in Minneapolis; that the last bill of goods sold by defendants to him was in June or July, 1892; that in August, 1892, his account was closed by defendants taking from him two notes, one payable in September and the other in October of the same year; that the notes were not paid at maturity; that defendants wrote repeatedly to him, informing him that they had to be paid; that their agent frequently called on him,—almost every month,—and requested payment, but that he was unable to pay anything except a partial payment in December; that the agent finally called on him January 11, 1893, and asked him for money, and pressed him for payment of the notes; that he informed the agent that he had no money, but suggested that he had some notes, and took out of his safe a number of small notes against customers, aggregating an amount equal to or more than the amount due from him to defendants, and turned them out as collateral security for his own notes held by defendants.

At this time Nordstrom was hopelessly insolvent, his debts amounting to over $7,500, while his assets, consisting of merchandise and book accounts, nominally amounted to about $4,900, but were of the actual value of only about $1,200.   It does not appear that defendants' agent made any inquiry as to Nordstrom's financial condition.

When the plaintiff rested, the court, on defendants' motion, dismissed the action on the ground that the plaintiff had failed to es-

tablish his cause of action. This was error. There was evidence that would have justified findings—First, that Nordstrom assigned these securities in contemplation of insolvency with a view of giving the defendants a preference over other creditors; and, second, that defendants had at the time reasonable cause to believe that he was insolvent. Counsel for plaintiff contends that the evidence was so strong as to require such findings. But it is not necessary to go that far. A trial court has no right to dismiss an action on the ground stated, except when the evidence adduced for the plaintiff would not have justified a verdict or findings in his favor. The rule in this regard is the same whether the case is tried with a jury or by the court. If the evidence is such that it would justify findings in the plaintiff's favor, it is the duty of the court, under the statute, to give its decision in writing, stating the facts found and the conclusions of law separately. It is no answer to this to say that, if the court thought there was no evidence at all to justify a recovery by plaintiff, if it had made findings they would necessarily have been against the plaintiff, and therefore there would be no prejudicial error except when the evidence was so conclusive as to require findings in his favor.

In the case of the mere dismissal of an action the record discloses neither the conclusions of the court upon any particular fact nor its conclusions upon any particular question of law except the bare fact that in his opinion the evidence failed to establish a cause of action.

For example, in this case, aside from a memorandum, which is no part of the record, it cannot be determined whether the court concluded that there was no evidence that Nordstrom intended to give a preference, or that there was no evidence that defendants had any ground for believing that he was insolvent. In short, the record furnishes no basis for review on appeal of the decision of the trial judge upon either the facts or the law, except as to whether there was any evidence tending to establish a cause of action.

Order reversed.

Buck, J., absent, sick, took no part.

(Opinion published 59 N. W. 1009.)