CARL O. NESS v. NELSON D. MARCH and Others.[1]

June 23, 1905.

Nos. 14,398—(161).

**Dismissal of Action—Findings.**

In an action tried to the court it has no right to dismiss the same without findings, on the ground that the plaintiff has failed to establish a cause of action, except where the evidence adduced for the plaintiff would not have justified findings in his favor; following Tharalson v. Wyman, 58 Minn. 233, and other cases.

**Same.**

*Held* that, upon the evidence in this case, findings in favor of plaintiff's demand for judgment would not have been so palpably against the weight of evidence as to have required that they should be set aside; and therefore the court erred in dismissing the action.

Appeal by plaintiff from a judgment of the district court for Meeker county dismissing the action, entered pursuant to the order of Powers, J. Reversed and new trial ordered.

*H. S. McMonagle* and *Alva R. Hunt,* for appellant.

*N. D. & C. H. March* and *E. P. Peterson,* for respondents.

LOVELY, J.

This is a suit for equitable relief to have certain deeds previously made to the defendants declared to be mortgages, and for an accounting and application of the amount found to be due on the indebtedness. At the close of the plaintiff's testimony there was a motion to dismiss the action, which was granted by the trial court. Upon a settled case plaintiff moved for a new trial, which was denied. From a judgment of dismissal entered pursuant to this order plaintiff appeals.

[1] Reported in 104 N. W. 242.

The facts developed at the trial, generally stated, tend to show that the plaintiff was the owner of three hundred twenty acres of land; that defendants, N. D. and Charles H. March were attorneys, who were engaged in the purchase and sale of real estate and negotiations of loans for customers; that there was a subsisting mortgage on the land in question for $4,000, which had been foreclosed; the time for redemption was approaching, and would expire on February 28, 1894. Shortly prior to the expiration of the year to redeem, plaintiff applied to Charles H. March, between whom and himself there were friendly relations, for a loan of about $5,000 to enable him to redeem, when he was told by March that he had better seek assistance elsewhere, but that if he could not get it he would secure the money for him. On the day the redemption expired, plaintiff again called on Charles H. March and informed him that he had been unable to get the money, and requested his assistance in obtaining it. Without going into detail, it is sufficient to say on this review that thereafter deeds were made by the plaintiff and his wife to other persons, at the instance of the Marches, and mortgages given whereby $4,000 in money was obtained from a loan company to be applied on the redemption of the mortgage, and deeds were then given to defendants of the entire land. The Marches took the money received from a loan they secured, and, with $1,040 of their own, the property was redeemed. Not long afterwards plaintiff sent a party to the defendants to rent the place, and the Marches took possession, realized from time to time money for rent, and paid $140 for taxes and other incidentals to the possession of the land. The plaintiff himself received no money, got no benefits from the transaction, but took considerable interest therein, and made effective efforts to secure the new loans; and we are satisfied from an examination of the record that there was evidence tending to show that the Marches acted as trustees in the advancement of their share of the money, and expected to be paid therefor with compensation for its use on demand. We do not go into particulars in this respect, since we think there must be a new trial of the cause, and a discussion of the facts would not be, in our view, justified nor advisable.

Some three years elapsed from the time when the redemption was made, during which, as the evidence tends to show, the defendants

March had possession of the property, and realized substantially therefrom, selling the place for the gross aggregate price of $7,800 to the defendant Nelson. There are numerous indications in the record in this case that, as between the Marches and plaintiff, the latter understood, and was permitted to do so, that the deeds, from which plaintiff had no benefit, were given to the Marches as a security for the money advanced by them to secure redemption, and whether the Marches intended to take advantage of it at that time does not appear; at least, they did so afterwards on the claim that it was a sale, and made no statement to plaintiff of what had been realized. At least, under such circumstances, if this was the fact, the Marches would, on demand, be required to render an accounting for any balance that might be due to plaintiff.

We are of the opinion that, if the court had made findings of fact and law, as required by statute, to the effect that a loan had been made by defendants, and that the deeds to defendants were given as security, or, on the other hand, that the land had been sold absolutely, we should, under the evidence, have been compelled to sustain the findings, upon the ground that they were not papably against the weight of evidence; but a trial court has no right to dismiss an action, except when the evidence adduced for the plaintiff would not have justified findings in his favor. The rule in this regard is the same, whether the case is tried with a jury or by the court. If the evidence is such that it would justify findings in plaintiff's favor, it is the duty of the court to give its decision in writing, stating the facts found and the conclusions of law separately. It is no answer to this to say that if the court thought there was no evidence at all to justify a recovery by plaintiff, if it had made findings they would necessarily have been against the plaintiff, and therefore there would be no prejudicial error except when the evidence is so conclusive as to require findings in his favor. Tharalson v. Wyman, 58 Minn. 233, 59 N. W. 1009; Herrick v. Barnes, 78 Minn. 475, 81 N. W. 526; Hamm Realty Co. v. New Hampshire Fire Ins. Co., 80 Minn. 139, 83 N. W. 41.

As indicated above, we think findings might have been sustained in favor of plaintiff's contention; hence, under the rule we have laid down, it was the duty of the trial court to have reduced its findings to writing, in order that the defeated party might secure the rights to

which he would be entitled under that course of procedure, of which he was deprived by the disposition of the cause on its dismissal. For this reason, the order appealed from must be reversed, and a new trial granted.

Judgment must be reversed and a new trial granted.