MARIE DU BREUILLE v. TOWN OF RIPLEY and Others.[1]

January 15, 1909.

Nos. 16,006—(181).

**Dismissal without Verdict or Findings.**

An action cannot be dismissed by the trial court without a verdict or findings of fact, unless the evidence is such that it would not sustain a verdict or findings for the plaintiff. Herrick v. Barnes, 78 Minn. 475; Tharalson v. Wyman, 58 Minn. 233.

**Evidence not Conclusive.**

The evidence in this case does not conclusively show that appellant was not entitled to maintain a dam at the borders of her land as a reasonable means of getting rid of surface waters flowing from adjoining premises.

Action in the district court for Morrison county against the Town of Ripley, Joseph Laborie, Eric Poissant, Jule St. Onge and John Odette, to recover the sum of $300 damages to plaintiff's crops in the years 1905, 1906 and 1907, to restrain defendants from destroying or interfering with any dam or embankment which plaintiff may construct on her land, and to require defendants St. Onge, Town of Ripley and Odette to fill up a ditch cut through the natural ridge between the lands of St. Onge and Odette, preventing surface and other water running south thereof, and a ditch on Odette's land conveying surface water toward the land of plaintiff, which ditches were alleged to be nuisances to the plaintiff and to the public. Defendant town in its separate answer alleged the dam and embankment which

[1] Reported in 119 N. W. 244.

plaintiff constructed was a public nuisance which caused the highway running north and south on the east line of section 29 to become dangerous for travel, set up a counterclaim for $150 damages, and prayed that the dam be adjudged a public nuisance and plaintiff restrained from maintaining it. Defendant Odette in his separate answer admitted that by direction of the defendant town he repaired and rebuilt a culvert under said highway which had been maintained by the town for more than fifteen years but was in bad order.

The case was tried before Taylor, J., who at the close of plaintiff's testimony dismissed the action under the rule in Sheehan v. Flynn. A motion for a new trial as to the defendants other than Laborie was denied. From the judgment entered in favor of the defendants other than Odette, plaintiff appealed. Reversed.

*A. P. Blanchard,* for appellant.

The common-law doctrine that surface water is a common enemy which each proprietor may get rid of as best he may, obtains in this state, subject only to the rule of reasonable use. This doctrine was established long before but crystallized in Sheehan v. Flynn, 59 Minn. 436. The holding of the district court would imply a further modification unknown to the common law and this court, that surface water must be gotten rid of by sending it forward. This is analogous to the civil law but directly contrary to the common law, by which the right to get rid of it by embanking against it is as undoubted as the right to send it forward.

The common-law rule by its very terms permits a proprietor to get rid of surface water by embanking against it, and not only does the same rule as modified by this court permit the same thing, if the use is a reasonable one, but the authorities on the proposition are unanimous, as far as we know, that "the owner of land may, by the common law, erect barriers upon it to prevent the influx of surface water whether collected in artificial channels or not, and if such water is set back or turned aside upon the land of another, to his injury, it affords no cause of action." Gould, Waters (3d Ed.) § 275, and cases cited; Dickenson v. City, 7 Allen, 19; Flagg v. City, 13 Gray, 601; Eulrich v. Richter, 37 Wis. 226; Lessard v. Stram, 62 Wis. 112; Beard v. Murphy, 37 Vt. 99. The owner of premises adja-

cent to street or highway may place obstructions thereon. Phillips v. Waterhouse, 69 Iowa, 199; Gould, Waters (3d Ed.) 277. An owner may prevent surface water coming on his land, whether from the highway or adjoining land. Morrison v. Bucksport, 67 Me. 353; Gannon v. Hargadon, 10 Allen, 106. A proprietor may erect obstructions as solid and as high as he pleases. If it prevents surface water from flowing off a burial ground it makes no difference. Bates v. Smith, 100 Mass. 181; Bangor v. Lansil, 51 Me. 521; Gross v. City, 74 Tex. 195. One may embank even against a stream where it has been diverted, although such embankment cause the water to flow on innocent persons. Wills v. Babb, 222 Ill. 95. One may obstruct the flow of water from higher land even when customary course for twenty years. Swett v. Cutts, 50 N. H. 439; 9 Am. 276, and note on page 284; Barkley v. Wilcox, 86 N. Y. 140; New Jersey v. Tutt, 168 Ind. 205; Darlington v. Board, 75 Kan. 810.

It is safe to say that every state which adheres to the common law rule as to surface water, recognizes that the common enemy may be fought and got rid of by embanking, to the same extent as it can be by any other method. See O'Brien v. City of St. Paul, 25 Minn. 331; Rowe v. St. Paul, M. & M. Ry. Co., 41 Minn. 384; Jungblum v. Minneapolis N. U. & S. R. Co., 70 Minn. 153; O'Neill v. City of St. Paul, 104 Minn. 491. In none of the Minnesota cases, as far as we know, is there anything that can be reasonably construed into holding that the common law right of embankment against surface water has been abolished in this state. The question in each case is whether or not the act complained of was a reasonable act under all the circumstances.

*Don M. Cameron,* for respondents.

The point at which plaintiff erected the dam was within the limits of the public road (Laws 1899, c. 152, and Laws 1905, c. 66) and within a rod from the center of the road, and the town not only had the legal right to abate the nuisance, but it was the statutory duty of its officers to do so, inasmuch as the same caused an obstruction to public travel. The plaintiff, therefore, has no right to enjoin the town from doing the acts complained of. If she has suffered as a result of the tearing down of the dam it is damnum absque injuria.

The decision of the trial court was correct, although the reason assigned by the court in its decision might have been wrong.

Even upon plaintiff's theory that the dam was upon her own premises, still under the facts proved in the case she had no right to erect the same. Her act under the circumstances of this particular case was unreasonable and accordingly the decision of the trial court is sustainable upon the authority of Sheehan v. Flynn, as construed by plaintiff herself. In determining what is reasonable or unreasonable under the law as enunciated in Sheehan v. Flynn, comparative benefits and damages must be considered, but those are not the only considerations. He who carries surface water along in the direction that it naturally runs, by means of drains upon his own land is doing an act which in and of itself is reasonable, but when it is proved against him that his act benefits himself but little and damages his neighbor most grievously, the unreasonableness of the damage overcomes the reasonableness of the act of assisting nature.

LEWIS, J.

Appellant was the owner of one hundred sixty acres of land bordering on the east line of section 29. John Odette was the owner of one hundred twenty acres in section 28, and there was a traveled highway on the section line. Respondent St. Onge owned a tract of land in section 21, immediately adjoining Odette's farm on the north. Appellant, acting upon the belief that St. Onge and Odette had unlawfully constructed ditches which caused the water upon their land to flow upon appellant's premises, to her damage, constructed a dike, or dam, about two hundred feet in length, at or near the east line of her premises, the result of which was to hold the water back at certain times. The town authorities cut the dike and let the water out. Appellant repaired it, and brought this action to enjoin the town of Ripley, St. Onge, and Odette from interfering with the dam, requiring St. Onge and Odette to fill up their ditches, and to enjoin them from draining water from their premises upon her land. The action was dismissed, by consent, as to respondents Joseph Laborie and Eric Poissant, and the trial court granted a motion to dismiss the case as to the town of Ripley and St. Onge, for the reason that the evidence was not sufficient to make out a cause of action. Odette,

106 M.—33

for some reason, is not a party to this appeal, and the only parties now before the court are the town and St. Onge.

On the motion to dismiss the question was whether, under the pleadings and the undisputed evidence, the rule of the common law, as modified by Sheehan v. Flynn, 59 Minn. 436, 61 N. W. 462, 26 L. R. A. 632, justified appellant in maintaining a dike, or dam, at the point indicated, as a reasonable means of getting rid of the surface waters. The learned trial court apparently considered the evidence conclusive that there was a natural waterway from St. Onge's land, across Odette's premises, leading through appellant's premises, and that in digging the ditches referred to St. Onge and Odette were acting within the doctrine of Sheehan v. Flynn, and held that appellant had no authority to build a dam, and thereby hold the waters back from the course which they would otherwise naturally take.

There was some evidence to the effect that a ravine led from the northeast to the southwest, through a part of Odette's land, and that it continued onto appellant's land; but we find no evidence that it was a general watercourse through the country, or that it passed beyond appellant's land, or connected with some established or natural channel. The evidence was conflicting as to whether the ravine continued northeasterly, across the highway between sections 28 and 21 to St. Onge's land. One witness at least testified that the roadway on that section line was built upon a natural ridge, through which a ditch had been cut, thereby permitting the waters accumulating upon St. Onge's premises to run to the south and find their way to appellant's land. There was some evidence tending to show that the St. Onge land might readily be drained to the east, instead of the south, and it was not clearly shown that Odette and the town had no other reasonable means of getting rid of the surplus water turned in by the ditches mentioned than by permitting it to flow over appellant's premises.

The court made no findings. It is not sufficient that the evidence would sustain a verdict or finding for the defendant. It must be such as to require, as a matter of law, a verdict or finding against the plaintiff. Herrick v. Barnes, 78 Minn. 475, 81 N. W. 526; Tharalson v. Wyman, 58 Minn. 233, 59 N. W. 1009. We direct a new trial

in order that the disputed questions of fact may be definitely settled, and shall not attempt to discuss the principles of law which may possibly be applicable.

Reversed.