JOSHUA T. HEMENWAY, In Equity, *vs.* HENRY P. CUNNINGHAM.

Lincoln County. Decided February 2, 1915. These facts are alleged and not denied:—the plaintiff, then a man of advanced age, on the first day of December, 1904, conveyed his farm by deed of warranty to his daughter, the wife of defendant, and the daughter upon the same day reconveyed the same to plaintiff in mortgage conditioned that the mortgagor support "the said Joshua T. Hemenway during his natural life in a pleasant manner upon said premises from the day of the date hereof." Both warranty deed and mortgage after the delivery were given the daughter, who undertook to have both recorded. On the following day the daughter mortgaged the farm to one Kennedy to secure payment of a loan of $500, her hus-

band, defendant, joining in executing this mortgage as well as that to plaintiff in relinquishment of his rights in the premises. The warranty deed and the mortgage to Kennedy were recorded in Lincoln Registry of Deeds on the third day of December, 1904, while the mortgage to plaintiff was not recorded until a year later.

The daughter of plaintiff died on the fifth day of December, 1908, testate. By her will, the defendant was made sole beneficiary of her estate and was duly appointed her executor. At her death she was the owner of the equity of redemption of the farm. Alleging the estate to be insufficient to pay more than the expenses of funeral and of administration and debts of the first four classes, the executor settled his account without representation of insolvency as provided by Sec. 2, Chap. 68, R. S.

On the fifth of January, 1909, a discharge of the mortgage of Dec. 2, 1904,—Cunningham to Kennedy—was offered for record, said discharge bearing the date of Dec. 26, 1908. On the second day of February, 1909, an undated discharge of the mortgage of Meda Cunningham to plaintiff was presented for record.

Plaintiff claims that the discharge of the latter mortgage was obtained from him by defendant upon the false representation, made on, or subsequent to, the twenty-sixth day of December, 1908, that the Kennedy mortgage was still outstanding and undischarged and that, unless the plaintiff discharged his mortgage, defendant would allow the holder of the Kennedy mortgage to foreclose but, if plaintiff would discharge his mortgage, defendant would support him in pleasant manner upon the premises for the remainder of his life.

Alleging such fraud and misrepresentation, the plaintiff brings this bill in equity, praying 1, that defendant be declared estopped from setting up any adverse claim under the discharge of the Kennedy mortgage, 2. that the court declare the discharge given by plaintiff fraudulent and void and order the cancellation of the discharge and its record and 3. that a foreclosure of plaintiff's mortgage be declared, that defendant be both individually and as executor barred from setting up any claim to the premises and be ordered to deliver possession to the plaintiff.

The case was heard by the sitting Justice upon bill, answer and proofs. Upon the issues raised the evidence was conflicting.

The sitting Justice found

1.   That the bill be sustained with costs.

2.   I find as a fact that the discharge by Joshua T. Hemenway of the mortgage given by Meda Cunningham to him dated December 1, 1904, said discharge being recorded on February 2, 1909, was obtained by false and fraudulent representations on the part of the defendant Henry P. Cunningham, and is therefore void.   I therefore find that said mortgage is valid and binding.

3.   I further find as a fact that the defendant has broken the conditions of said mortgage in that he has failed to support the plaintiff upon said premises in a pleasant manner as required by said mortgage, and therefore the plaintiff is entitled to a decree of foreclosure and to immediate possession of said premises.

4.   Considering all the facts and circumstances of the case I find that a present equivalent for full performance of the conditions of said mortgage is six hundred dollars, upon payment of which sum with interest to time of payment, and with costs of this suit, said defendant is entitled to redeem said premises and to have the same free and clear of said mortgage.

From the decree filed pursuant to these findings respondent appealed.

It has been repeatedly held that the findings of a single Justice upon matters of fact in an equity case are not to be reversed upon appeal unless clearly wrong, the burden being upon the appellant to prove the error.   *Haggett* v. *Jones*, 111 Maine, 348; *Sposedo* v. *Merriman*, 111 Maine, 530, 538.   This court is of the opinion that the appellant has not sustained the burden imposed upon him and that he has not made it to appear that the findings of the sitting Justice are clearly wrong.

The defendant claims in his brief that defendant should be subrogated to the rights of the mortgagee under the Kennedy mortgage. We fail to find any indication that this claim was urged or made before the sitting Justice.   Nor does the defendant make any claim to right of subrogation in his answer.

It has been held, and we think with reason, that one who, as defendant, claims the right of subrogation must set up the claim in his answer.   *Barton* v. *Moore*, 45 Minn., 98; *Ball* v. *Callahan*, 95 Ill., App., 615; see *Callahan* v. *Ball*, 97 Ill., 318; see also *McMaken* v.

*Noyes,* 61 Iowa, 628, 632. And in *McMaken* v. *Noyes,* ubi supra, it is held that the question of the right of subrogation cannot be raised for the first time on appeal.

It may be added that the court is decidedly of the impression that, if the question were properly before it, the circumstances of the present case are such that the claim would be denied.

The decree appealed from must be affirmed. Bill sustained. Decree in accordance with this rescript. *Charles L. Macurda,* for plaintiff. *Arthur S. Littlefield,* for defendant.