DEFIANCE MACHINE WORKS, Respondent, vs. GILL, Appellant.  [Two appeals.]

*December 5, 1919—January 13, 1920.*

*Sales: Nature of conditional sale agreement: Actions by vendor:
Recovery of purchase price: Waiver of right to retake goods:
Principal and surety: Discharge of surety by release of se-
curity: Pleading: Evidence: Presumption of similarity of
laws of sister state: Subrogation: Nature and enforcement:
Parties: Civil court of Milwaukee county: Power of circuit
court to direct new trial: Supreme court: Inability to confer
authority on inferior courts.*

1. The vendor of goods upon a contract of conditional sale does
   not waive the right to retake the goods by attempting to
   enforce collection of the purchase price.   This principle is
   now embodied in the statute law of the state by sec.
   1684*u*—24, Stats. 1919 (ch. 672, Laws 1919).

2. It must be presumed that the law of a sister state as to the
   rights of a seller against a buyer under a conditional sale
   contract and an indorser of the buyer's notes is the same as
   that of this state, in the absence of allegations and proof to
   the contrary.

3. A surety paying the debt of his principal is subrogated to the
   security held by the creditor, and the latter's voluntary sur-
   render of the same to the debtor discharges the surety *pro
   tanto.*

4. In an action by the secured holder of a note against the
   indorser, plaintiff need not allege that the security is still
   in his hands and that he is ready and able to surrender the
   same to the indorser on payment of the note.

5. Subrogation is an equitable right in favor of a surety which
   does not arise until payment has been made; and a surety
   may waive his right to subrogation.

6. The right of subrogation presents a justiciable issue which
   should be made up and brought to the court's attention by a
   proper and orderly pleading by the surety upon the buyer's
   conditional sale note; but where the pleadings tendered no
   such issue, it may not be implied from the mere recital in the
   notes that title was retained by the seller until payment, and
   the matter may not be determined where all necessary parties
   are not before the court.   [Whether an indorser of a condi-
   tional sale note, upon paying the obligation, succeeds to the
   rights of the vendor under the contract of sale, not decided.]

7. A conditional sale, as shown by reservation of title in the sale notes, is not a pledge or lien in the nature of a chattel mortgage, but is an executory sale contract vesting the right of possession in the purchaser, while the title remains in the seller until the imposed conditions are met by the purchaser, when title *ipso facto* passes to him by virtue of the original agreement.

8. The circuit court for Milwaukee county has no authority to order the civil court of Milwaukee county to grant a new trial, since the power of the circuit court is limited to affirmance, modification and affirmance, or reversal and new trial in the circuit court, under sec. 28, ch. 549, Laws 1909. Its most liberal power to grant a new trial is conferred by sec. 2879, Stats., and is limited to motions made within one year from the verdict or findings, and does not apply to a motion made almost two years thereafter.

9. Sec. 2405*m*, Stats. (authorizing the supreme court, where the record shows that the real controversy has not been fully tried, or where justice has probably miscarried, to reverse, regardless of whether proper motions, objections, or exceptions appear of record, and remand the case for a new trial, directing entry of the proper judgment), does not give this court power to reverse a judgment of the circuit court and direct it to remand the case to the civil court of Milwaukee county with instructions to grant a new trial, since this court may not confer power upon inferior courts, their powers being derived from the constitution and statutes.

APPEALS from a judgment and an order of the circuit court for Milwaukee county: OSCAR M. FRITZ, Circuit Judge. *Affirmed.*

This action was begun in the civil court of Milwaukee county against the defendant as indorser of four certain promissory notes, all dated March 14, 1914, each for the sum of $427.50, executed by the Mobile Hoe Company to plaintiff. At the foot of the usual promise to pay found in ordinary promissory notes occurs this recital:

"The express condition of the sale and purchase of said machinery as specified in contract is such that the title and ownership of said machinery does not pass from said *The Defiance Machine Works* until this note and interest, and all other notes and interest given in pursuance of such sale and purchase, are paid in full. And it is further agreed

that the above property shall not be attached to, so as to become a part of, any real estate, but shall remain personal property until paid for."

The answer of the defendant admits the execution of the notes by the Mobile Hoe Company, admits that the defendant indorsed said notes, admits their maturity as alleged in the complaint, denies any knowledge or information sufficient to form a belief as to whether plaintiff is still the lawful owner and holder thereof, and denies each and every other allegation of the complaint.

At the trial the notes were introduced in evidence and testimony given to the effect that no part of the principal or interest thereof has been paid. The defendant objected to the receipt of the notes in evidence because "incompetent, irrelevant, and immaterial, and, particularly, as it appears upon the face of these notes that they are conditional bills of sale, and the plaintiff has surrendered its right to make claim to the defendant by reason of losing its security before the commencement of this action." Judgment was rendered by the civil court against the defendant for the full amount of the notes on March 17, 1917. Defendant appealed to the circuit court. While the case was pending in the circuit court, to wit, January 17, 1919, and before decision thereon, defendant served upon plaintiff's attorneys notice of a motion that, in the event the circuit court shall deny the defendant's motion for a reversal of the judgment of the civil court, then the defendant will request said court to order that the civil court of Milwaukee county shall grant a new trial in said action, upon such terms as may seem just to said civil court, to permit said defendant to offer proof that the plaintiff has parted with its right, title, and interest to the machinery for which the notes were given and thereby prevented the defendant from being subrogated to the rights of plaintiff by reason of the conditional bill of sale referred to in the complaint. Said motion was based upon the affidavit of defendant's attorney, in

which it was stated, upon information and belief, that since the rendition of the judgment in this action, by virtue of an execution against the goods and chattels of the Mobile Hoe Company, the sheriff of Mobile county, Alabama, had seized and sold the machinery the purchase price for which the notes in this action were given. Affiant further says in the affidavit, upon information and belief, that at the time of the purchase of the machinery by the Mobile Hoe Company from the *Defiance Machine Works* there was executed by and between the Mobile Hoe Company and the *Defiance Machine Works* a conditional bill of sale by the terms and conditions of which the title remained in the said *Defiance Machine Works,* and which was the situation when the defendant herein indorsed the notes referred to in this action; that by reason of the seizure and sale upon the said execution by the sheriff of Mobile county, Alabama, the *Defiance Machine Works* has been for all time prevented from transferring the title and possession of the machinery referred to in this action to the defendant, *Thomas H. Gill,* as a condition of the payment of the judgment by the said *Gill.* This motion was considered by the circuit court with the merits of the case. The circuit court affirmed the judgment of the civil court and denied this motion. Separate appeals were taken from the judgment of the circuit court affirming the judgment of the civil court and from the order denying the motion for a new trial.

*Arthur R. Barry* of Milwaukee, for the appellant.

*Joseph B. Doe* of Milwaukee, for the respondent.

OWEN, J. The defendant's first position, as we understand it, is this: It appears upon the face of the notes that they were given by the Mobile Hoe Company as a part of the purchase price for certain machinery sold by the plaintiff to it, the title to which was reserved in the plaintiff until the full amount of the notes should be paid; the defendant, being the indorser of the notes, is entitled to be subrogated

to all security which the plaintiff had; that by bringing this action plaintiff has placed it beyond its power to deliver the security which it had, to wit, the contract of conditional sale, because the commencement of this action constituted an election on the part of the plaintiff to treat the conditional sale as an absolute one, and amounted to a waiver of the security which it had in and by virtue of the contract of conditional sale. We pause here simply to refer to the fact that this defense was not pleaded by the defendant in his answer, lest an inference may be drawn from our silence upon the subject that the pleadings as framed present the defense urged by the defendant. However, we will not consider the question of pleading, but pass directly to the merits of the defendant's claim.

An analysis of his position amounts to this: he admits that he indorsed the notes, but claims that the institution of a suit against him to enforce his liability as an indorser releases him. That is the sum and substance of his claim, his contention being that a vendor of goods, upon a contract of a conditional sale, must elect whether he will retake the goods or sue for the purchase price, and that when he resorts to one of these remedies he waives his right to resort to the other; in this case the plaintiff, having brought an action to recover against the indorser of the note, waived all security which the contract of conditional sale afforded him, and that by such waiver the indorser is released, because he cannot be subrogated to the security which was in the hands of the creditor. This argument leads to an absurdity which scarcely calls for elucidation, and makes the undertaking of an indorser under such circumstances a rather innocuous formality. We think a court should hesitate in adopting a course of reasoning which leads to such a farcical conclusion. However, we do not deem it necessary to pursue the subject further, because of the faulty premise upon which the conclusion must rest, and that is, that a vendor of goods upon a contract of conditional sale waives

the right to retake the goods in an attempt to enforce collection of the purchase price. This is not the law of this state. It was held in *Wiedenbeck-Dobelin Co. v. Anderson,* 168 Wis. 212, 169 N. W. 615, that the two remedies were not inconsistent, and that by pursuing one the vendor did not waive his right to the other. This principle is now embodied in statute law by the provisions of the uniform conditional sales act, sec. 1684*u*—24, Stats. (ch. 672, Laws 1919). Whether the law of this state is controlling as to the rights of the parties to these notes, we must presume that the law of whatever state is controlling is the same as ours, in the absence of allegation and proof to the contrary. It will thus be seen that the defendant's claim that the commencement of this action constituted a waiver of plaintiff's right to retake the machinery sold to the principal debtor, Mobile Hoe Company, is not well founded, and that no basis exists for the conclusion for which he contends.

It is defendant's second contention that it was incumbent upon the plaintiff to plead in its complaint its ability and readiness to turn its security over to the defendant upon the payment of the notes in question. In other words, that its ability and readiness in that behalf was a condition precedent to its maintenance of this action, and that, not having pleaded in this respect, the complaint fails to state a cause of action, and that the judgment finds no support in the record. The law unquestionably is that a surety who pays the debt of his principal is entitled to be subrogated to the security held by the creditor against the principal debtor. *Plankinton v. Gorman,* 93 Wis. 560, 67 N. W. 1128; *Lowe v. Reddan,* 123 Wis. 90, 100 N. W. 1038; *State Bank v. Michel,* 152 Wis. 88, 139 N. W. 748, 1131. It is also the law that the voluntary surrender on the part of the creditor of security which he holds against the principal debtor discharges the surety *pro tanto. Ibid.* But in order to state a cause of action against the surety it is not necessary to allege that the security originally taken is still

retained by him and that he is ready, able, and willing to transfer such security to the indorser upon the payment by the surety of the amount of the indebtedness.  In other words, it is not necessary for him to make a tender of the security in court·in order to entitle him to maintain an action and recover judgment against the surety.  Subrogation is an equitable right in favor of the surety which does not arise until payment has been made.  One of the very first essentials to the enforcement of the right of subrogation is proof of the payment of the debt.  Until that is done the right of subrogation is a mere inchoate right and cannot be enforced.  Furthermore, it is a right which may be, and often is, waived and not insisted upon by the surety.  An action to enforce the right of subrogation is a well known equitable action.  It contemplates a bill or complaint in which the facts entitling plaintiff to subrogation are set forth, and the making up of an issue, either of law or of fact, the same as in other actions.

In *Knoblauch v. Foglesong,* 37 Minn. 320, 33 N. W. 865, in an action upon a promissory note, where the answer admitted the note and alleged that the note was secured by a mortgage executed to plaintiff by defendants upon real estate belonging to them, and that after the execution of the note and mortgage they conveyed the real estate to another, who, in consideration thereof and as a part payment of the purchase price, thereupon assumed the payment of the note and agreed to pay and discharge the same; and the answer alleged defendants' willingness to pay, and offer to pay, the note upon the assignment by plaintiff to them of the mortgage and the indorsement and delivery to them of the note, and demanded that plaintiff have no judgment until he shall have deposited in the court, to be delivered to defendants upon payment by them of the judgment, the mortgage duly assigned to them, and the note duly indorsed to them, it was held that the judgment might properly so provide.  But it · was held to the contrary in *Barton v. Moore,* 45 Minn. 98,

47 N. W. 460, in the absence of all allegations in the answer showing defendants to be entitled to subrogation and a prayer for such relief. While we do not find any other authority holding to the doctrine of *Knoblauch v. Foglesong, supra,* we may say, in passing, that it seems to us to be proper and appropriate practice and in the interest of speedy termination of litigation and the disposition of all rights in a single action. The right of subrogation presents a justiciable issue which should be made up and brought to the attention of the court by proper and orderly pleading. In no other way can the court know that the surety insists upon the right. More than this, all parties interested should be before the court, and if there are other parties to the security claimed by the surety, especially if their interests would be prejudicially affected by transference thereof to the surety, they should be given an opportunity to be heard. 37 Cyc. 388. In the present case the pleadings tendered no issue whatever as to the right of the defendant to be subrogated to the rights of the vendor under the contract of conditional sale. He has seen fit to rest upon an answer which practically amounts to a general denial. He has set forth no facts entitling him to subrogation and has done nothing to raise the issue or to bring it to the attention of the court. The information concerning this security, if such it may be called, disclosed by the record is exceedingly meager. That it exists at all is to be implied only from the recital in the notes, and we are wholly uninformed concerning the nature of its provisions. It may be seriously questioned whether a contract of conditional sale is security to which an indorser such as the defendant is entitled upon payment of the note. That it is not a pledge or lien in the nature of a chattel mortgage is well settled. *W. W. Kimball Co. v. Mellon,* 80 Wis. 133, 48 N. W. 1100; *Winton M. C. Co. v. Broadway A. Co.* 65 Wash. 650, 118 Pac. 817, 37 L. R. A. n. s. 71; *Harkness v. Russell,* 118 U. S. 663, 7 Sup. Ct. 51. It is an executory contract of sale, by the

terms of which the right of possession vests in the vendee but the title remains in the vendor until the fulfilment of conditions imposed upon the vendee (generally the payment of the purchase price), when the title *ipso facto* passes to the vendee by virtue of the original agreement, performance of which on the part of the vendee the surety has guaranteed. We do not think it entirely clear that when the contract itself, performance of which on the part of the vendee has been guaranteed by the surety, provides that upon payment of the purchase price, for instance, title shall immediately vest in the vendee, the surety can succeed to the rights of the vendor under the contract. . Is not the surety, by reason of his relation with the contract, which provides that upon payment of the purchase price the title shall pass to the vendee, estopped from claiming otherwise? No doubt persuasive arguments may be made upon either side of the question. Its decision will not here be attempted. At any rate, whether the surety is entitled to subrogation under such circumstances is certainly a matter of considerable importance to the principal debtor, who should be given an opportunity to be heard, and he is not a party to this litigation. It seems clear that the question of the defendant's right to succeed to the interests of the plaintiff under the contract of conditional sale has not been raised in this case, and the defendant is in no position to urge error on the part of the trial court for its failure to render the conditional judgment for which appellant contends.

As above stated, defendant has also appealed from the order of the circuit court denying his motion that the civil court of Milwaukee county be ordered to grant a new trial in said action. Clearly the motion was properly denied. The circuit court for Milwaukee county is vested with no authority to make such an order. The power of the circuit court in the premises was to affirm, or modify and affirm, the judgment of the civil court, unless by reason of manifest prejudicial error in the trial of the action in which such

judgment was rendered any party thereto has not had a fair trial thereof in the civil court, in which case the judgment should be reversed and a new trial had in the circuit court. Sec. 28, ch. 549, Laws 1909.

The most liberal power possessed by trial courts to grant a new trial is that conferred by the provisions of sec. 2879, Stats., to grant a new trial upon newly discovered evidence when a motion therefor is made within one year from the verdict or findings. This motion was not made until nearly two years had expired after the date of the findings. Neither was it made in the court that tried the case. We know of no statutory provision that can be stretched into anything like a sanction of such procedure.

It is urged that under the provisions of sec. 2405m, Stats., this court has power to reverse the judgment and remand the case with instructions to grant the motion. That section authorizes this court, where it appears from the record that the real controversy has not been fully tried, or it is probable that justice has for any reason miscarried, to reverse the judgment or order appealed from regardless of the question whether proper motions or objections or exceptions appear in the record or not, and in case of a reversal direct the entry of the proper judgment, or remand the case to the trial court for a new trial, and direct the making of such amendments in the pleadings and the adoption of such procedure in that court *not inconsistent with the statutes governing legal procedure* as shall be deemed necessary to accomplish the ends of justice. It would be a perversion of the purpose of that statute and a clear abuse of the power granted this court to give it the construction urged. This court has no power to confer power upon inferior courts. Their power must be derived from the constitution and the statutes. True, sec. 2405m confers upon this court broad discretion in the matter of making disposition of cases pending before it, but that section does not authorize this court to vest inferior courts with additional powers, nor can

this court authorize or compel inferior courts to exercise jurisdiction outside of the powers conferred upon them. This motion not having been made in the proper court, nor within the time required by statute, was properly denied. It follows that the judgment and order appealed from must be affirmed.

*By the Court.*—Judgment and order affirmed.